

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 20335835**
**Date Processed: 09/04/2019**

| | |
|---|---|
| **Primary Contact:** | Sandra Adams<br>United Services Automobile Association<br>9800 Fredericksburg Rd<br>San Antonio, TX 78288-0002 |
| **Electronic copy provided to:** | Carmen Solis<br>Griselda Mejia<br>Debra Brake<br>Danielle Lopez<br>Ruby Esquivel |

| | |
|---|---|
| **Entity:** | USAA Casualty Insurance Company<br>Entity ID Number  3692525 |
| **Entity Served:** | USAA Casualty Insurance Company |
| **Title of Action:** | Steven Sanders vs. USAA Casualty Insurance Company |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bernalillo County  District Court, NM |
| **Case/Reference No:** | D-202-CV-2019-06542 |
| **Jurisdiction Served:** | New Mexico |
| **Date Served on CSC:** | 09/03/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | NM Office of Superintendent of Insurance on 08/26/2019 |
| **How Served:** | Certified Mail |
| Sender Information: | Geoffrey R. Romero<br>505-247-3338 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# STATE OF NEW MEXICO
# OFFICE OF SUPERINTENDENT OF INSURANCE

**DEPUTY SUPERINTENDENT**

Robert E. Doucette, Jr.



**DEPUTY SUPERINTENDENT**

Andy Romero

### SUPERINTENDENT OF INSURANCE
John G. Franchini

August 26, 2019

USAA Casualty Insurance Company
CSC 123 E. Marcy Street, Suite 101
Santa Fe, NM 87501

**RE:    STEVEN SANDERS AND ARLINE GREGOIRE V. USAA CASUALTY
           INSURANCE COMPANY
           D-202-CV-2019-06542**

Dear Sir or Madam:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-5-32, enclosed is a copy of a Summons, Complaint for Insurance Bad Faith, For Breach of The New Mexico Insurance Code, Breach of the Unfair Trade Practices Act, Breach of the Trade Practices and Frauds Act, Breach of Contractual Duties, Court Annexed Arbitration Certification, Jury Demand on the above styled cause. Service was accepted on your behalf on 8/26/2019.

Respectfully,

John G. Franchini, Superintendent

CERTIFIED MAIL#   7012 0470 0001 5944 1685

| SUMMONS | |
|---|---|
| Second Judicial District Court<br>Bernalillo County, New Mexico | Case Number:<br>D-202-CV-2019-06542 |
| Court Address:<br>Post Office Box 488/400 Lomas Blvd. NW<br>Albuquerque, New Mexico 87103/87102<br>Court Telephone No.: (505) 841-7451 | Assigned Judge:<br>Joshua Andrew Allison |
| Plaintiff(s): Steven Sanders and Arline Gregoire<br><br>v.<br><br>USAA Casualty Insurance Company | Defendant:<br>USAA Casualty Insurance Company<br>c/o Office of the Superintendent of Insurance<br>1120 Paseo de Peralta<br>Santa Fe, NM 87501 |

## TO THE ABOVE-NAMED DEFENDANT(S): Take notice that

1.      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court. When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Albuquerque, New Mexico, this _____ day of _8/20/2019_____, 2019.



JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
Patricia Serna. Deputy

/s/Geoffrey R. Romero, Attorney at Law
Signature of Attorney for Plaintiff
Name:            Geoffrey R. Romero
Address:         4801 All Saints Road NW
Telephone No.:   505-247-3338
Email Address:   geoff_26_@hotmail.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO        )
                           )ss.
COUNTY OF _____  )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in _____ county on the _____ day of _____, _____, by delivering copies of this Summons, Complaint, Jury Demand, Court Annexed Arbitration Certification, First Requests for Admissions, First Set of Interrogatories and First Requests for Production attached, in the following manner:

**(Check one box and fill in appropriate blanks)**

[ ]    to the defendant _____ (*used when defendant accepts* Summons, Complaint, Jury Demand, Court Annexed Arbitration Certification, First Requests for Admissions, First Set of Interrogatories and First Requests for Production *or refuses to accept* Summons, Complaint, Jury Demand, Court Annexed Arbitration Certification, First Requests for Admissions, First Set of Interrogatories and First Requests for Production [ ]    to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint and copies of Jury Demand, Court Annexed Arbitration Certification, First Requests for Admissions, First Set of Interrogatories and First Requests for Production on the defendant by personal service or by mail or commercial courier service, by delivering copies of Summons, Complaint, Jury Demand, First Requests for Admissions, First Set of Interrogatories and First Requests for Production attached, in the following manner:

[ ]    to_____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) copies of Summons, Complaint, Jury Demand, Court Annexed Arbitration Certification, First Requests for Admissions, First Set of Interrogatories and First Requests for Production.
[ ]    to_____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) copies of Summons, Complaint, Jury Demand, Court Annexed Arbitration Certification, First Requests for Admissions, First Set of Interrogatories and First Requests for Production.

[ ]    to_____, an agent authorized to receive service of process for defendant _____.

[ ]    to_____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an*

*incompetent person).*

[ ]   to _____ *(name of person)*, _____,
*(title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision).*

Fees: $_____


_____
Signature of person making service


_____
Title *(if any)*

Subscribed and sworn to before me this _____ day of _____, _____ [2]


_____
Judge, Notary Public or other Officer
authorized to administer oaths


_____
Official title

My Commission Expires: _____


## USE NOTE

　　1.　　Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
　　2.　　If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

**FILED**
**2nd JUDICIAL DISTRICT·COURT**
**Bernalillo County**
**8/19/2019 3:00 PM**
**James A. Noel**
**CLERK OF THE COURT**
**Patricia Serna**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**STEVEN SANDERS**
**and ARLINE GREGOIRE,**

      **Plaintiffs,**

v.                      **Case No.**   D-202-CV-2019-06542

**USAA CASUALTY INSURANCE COMPANY,**

      **Defendant.**

## COMPLAINT FOR INSURANCE BAD FAITH, FOR BREACH OF THE NEW MEXICO INSURANCE CODE, BREACH OF THE UNFAIR TRADE PRACTICES ACT, BREACH OF THE TRADE PRACTICES AND FRAUDS ACT, BREACH OF CONTRACTUAL DUTIES

Plaintiffs Steven Sanders and Arline Gregoire, through undersigned counsel, file their cause of action against USAA Casualty Insurance Company (hereinafter "USAA") and state the following:

1.     Plaintiff Steven Sanders was at all times material to this matter, a resident of Bernalillo County, Albuquerque, New Mexico.

2.     Plaintiff Arline Gregoire was at all times material to this matter, a resident of Bernalillo County, Albuquerque, New Mexico.

3.     Upon information and belief, Defendant USAA was and is an insurer as defined by New Mexico law that is organized and existing under the laws of a state other than New Mexico, and at all times material was licensed to conduct the business of insurance in New Mexico and is engaging in the business of insurance in New Mexico.

4.     At all times material, Defendant USAA insured Ms. Gregoire with an automobile liability policy in the amount of $100,000 per person and $300,000 per accident in liability coverage.

5.     A Stipulated Order of Dismissal of Case No. D-202-CV-2015-04283 was filed on November 27, 2018.

6.    Jurisdiction and venue are proper in this Court.

**Background**

7.    On April 16, 2014, Steven Sanders was lawfully operating his 2008 Kawasaki motorcycle on westbound Lomas Blvd. NE, in the center lane, proceeding through the intersection at Easterday Dr. NE in Albuquerque, New Mexico.

8.    Arline Gregoire was operating a 2013 Toyota passenger car, owned by Mrs. Gregoire, and was on southbound Easterday Dr. NE, stopped at a red light.

9.    Mrs. Gregoire, failed to yield the right of way to Mr. Sanders, attempted an improper right turn, drove her vehicle across all three eastbound lanes of traffic, and caused the collision between Mr. Sanders' and Mrs. Gregoire's vehicles.

10.    The collision caused Mr. Sanders to be thrown off his motorcycle, landing him onto the eastbound side of Lomas along with his motorcycle, resulting in severe and permanent injuries to Mr. Sanders.

11.    On or about May 20, 2015, Mr. Sanders filed the lawsuit, Case No. D-202-CV-2015-04283, alleging Mrs. Gregoire was responsible for injuries suffered by Mr. Sanders as a result of the motor vehicle accident which occurred on or about April 16, 2014.

12.    Mrs. Gregoire answered the complaint on or about June 25, 2015 in Bernalillo County, New Mexico.

13.    Prior to the accident Mrs. Gregoire had procured motor vehicle liability insurance through USAA. USAA had a duty to comply with all common law, contractual and statutory duties of an insurer in the handling of claims against Mrs. Gregoire. The policy provided liability coverage with bodily injury limits in the amount of $100,000 per person and $300,000 per occurrence.

14.    USAA promised to fulfill all the common law, statutory, and contractual obligations and duties of a liability insurer in issuing the policy of liability coverage to Mrs. Gregoire.

15. USAA Agreed to represent the interests of Mrs. Gregoire in the event of an accident.

16. Following the accident USAA quickly became aware of the accident facts, injuries sustained by Mr. Sanders, and exposure of Mrs. Gregoire to judgment in excess of the available liability limits. Mrs. Gregoire's high level of exposure was based in part upon the extensive injuries suffered by Mr. Sanders.

17. USAA had a duty to timely investigate and evaluate the accident of April 16, 2014 and to assess the damages and liability exposure of its insured, Mrs. Gregoire.

18. Prior to filing of the lawsuit referenced above, USAA knew, or should have known, that the actual damages sustained by Mr. Sanders likely exceeded the per person liability insurance coverage limits available to protect Mrs. Gregoire.

19. Prior to the filing of the lawsuit against Mrs. Gregoire, Mr. Sanders, through his council agreed to settle all claims against Mrs. Gregoire upon the condition that she and USAA execute affidavits confirming that neither were aware of any additional liability coverage available to compensate Mr. Sanders for his injuries and damages related to the accident of April 16, 2014.

20. Mrs. Gregoire agreed to and did execute the requested affidavit.

21. USAA, through its agents and employees, refused to execute the affidavit, refusing to confirm it was not aware of any additional available liability coverage.

22. USAA was aware that failure to execute the affidavit would result in a suit being filed against its insured, Mrs. Gregoire.

23. Counsel for Mr. Sanders afforded more than one opportunity for USAA to execute the affidavit and effect a settlement and release of claims against its insured, offering at least two deadlines by which the affidavit should be executed.

24.     USAA refused to execute the affidavit prior to the expiration of the deadlines imposed by counsel for Mr. Sanders, knowing that its insured, Mrs. Gregoire, would be subjected to a lawsuit, and exposed to damages in excess of her available liability limits.

25.     Had USAA agreed to sign, and executed the affidavits prior to the deadlines provided by counsel for Mr. Sanders, Mr. Sanders would have accepted the settlement of available policy limits and released claims and released Mrs. Gregoire from any further liability.

26.     Because USAA refused to agree to sign the affidavit by the deadlines provided Mr. Sanders filed the lawsuit against Mrs. Gregoire.

27.     USAA had no legitimate basis to refuse to execute the affidavit. It could verify it had no knowledge of any additional liability policies without any cost or risk to itself.

28.     USAA's refusal to execute the affidavit failed to hold the interests of its insured, Mrs. Gregoire, equal to its own,

29.     USAA failed to protect Mrs. Gregoire from the risk of exposure to an excess verdict by refusing to sign the affidavit and by failing, thereby, to obtain a settlement and release of claims against Mrs. Gregoire prior to suit being filed.

30.     Mrs. Gregoire experienced stress and emotional distress related to litigation which she would not have experienced but for the failures of USAA.

31.     As of May 2016, Mr. Sanders had incurred in excess of $107,000 in reasonable and necessary medical costs.

32.     In order to avoid the risk of a judgment in excess of available police limits Mrs. Gregoire entered into a Settlement on April 23, 2018, in Case No. D-202-CV-2015-04283. Mr. Sanders agreed to the Settlement in the amount of $140,000, $40,000 of which was out of pocket from Mrs. Gregoire, and for the execution of a partial assignment of extra-contractual claims against USAA and/or its agents and employees, any of their affiliates, subsidiaries, parent companies, successors,

assigns or other companies. Mrs. Gregoire assigned Mr. Sanders 50% (fifty percent) of her rights and claims, for all causes of action she may have against USAA and/or its agents and employees, any of their affiliates, subsidiaries, parent companies, successors, assigns or other companies.

33.     Both Mr. Sanders and Mrs. Gregoire are represented by undersigned counsel for all claims set forth in the present Complaint.

34.     Mrs. Gregoire would not have experienced the emotional distress referenced above and would not have had to pay $40,000 out of pocket, had USAA timely agreed to execute the affidavit confirming it was not aware of any additional insurance coverage.

35.     Because of the failures, negligence, or breaches of common law duties, statutory duties, and contractual duties by USAA, Mrs. Gregoire paid an additional $40,000 out of pocket to reach a settlement of the underlying claims with Mr. Sanders.

36.     At all times Mrs. Gregoire relied on USAA to fulfill its common law, statutory, and contractual duties.

37.     USAA failed to hold the interests of Mrs. Gregoire equal to its own, and breached its contract with Mrs. Gregoire, Violated the Unfair Trades Practice Act and the Unfair Practices Act, and committed common law bad faith, resulting in damages to Mrs. Gregoire as set forth above.

38.     USAA, inter alia, violated the Trade Practices and Frauds Act ("TPFA"), NMSA 1978, Sections 59A-16-1 through -30 (1984, as amended), including but not limited to NMSA 1978, Section 59A-16-20 (1997), subsections (B), (C), (D), (E), and (N) resulting in damages to Mrs. Gregoire.

### COUNT I
### Insurance Bad Faith
### (Defendant USAA)

39.     Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

40.     USAA failed to act in good faith, and to honestly and fairly balance its own interests with the interests of its insured, Mrs. Gregoire.

41.     USAA's unreasonable delay was undertaken for reasons that were frivolous or unfounded.

42.     USAA, as set forth herein, has breached its duty to act honestly and in good faith in the performance of its insurance contract with Mrs. Gregoire by failing to timely investigate, evaluate and pay Mr. Sanders' claims in Case No. D-202-CV-2015-04283.

43.     Pursuant to the partial assignment of claims between Mrs. Gregoire and Mr. Sanders, referred above, Mr. Sanders has the right to jointly prosecute claims and causes of action and collect damages that may have accrued on behalf of Mrs. Gregoire against USAA.

44.     USAA's conduct, as set forth herein, has resulted in damages to Mrs. Gregoire and Mr. Sanders in an amount to be proven at trial.

45.     USAA's conduct, as set forth herein, was in reckless disregard for the interests of Mrs. Gregoire, or was based on dishonest judgment, or was otherwise malicious, willful or wanton, warranting an award of punitive damages.

## COUNT II
### Breach of the Implied Covenant of Good Faith and Fair Dealing
### (Defendant USAA)

46.     Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

47.     In issuing an insurance policy to Mrs. Gregoire, USAA had a duty to act in good faith and to treat its policyholder in a fair manner, and to act honestly, both in fact and in law in its dealings.

48.     USAA did not timely investigate and evaluate the claims at issue in Case No. D-202-CV-2015-04283 on behalf of Mrs. Gregoire, and did not treat Mrs. Gregoire's interests equal to its own.

49.     Throughout the handling of the claim against Mrs. Gregoire, USAA held its own interests as a priority over Mrs. Gregoire's interests by not timely investigating, evaluating, and paying Mr. Sanders' claims, by its unfounded refusal to sign the affidavit. By failing to hold Mrs. Gregoire's interests equal to its own, USAA caused Mrs. Gregoire to be subjected to litigation and ultimately to a settlement in excess of her available policy limits. Because of USAA, Mrs. Gregoire had to pay $40,000 out of pocket to reach a settlement with Mr. Sanders.

50.     Pursuant to the partial assignment of claims between Mrs. Gregoire and Mr. Sanders, referred above, Mr. Sanders has the right to jointly prosecute claims and causes of action and collect damages that may have accrued on behalf of Mrs. Gregoire against USAA.

51.     In undertaking the wrongful acts described herein, USAA breached its duty of good faith and fair dealing, causing damages to Plaintiffs in an amount to be proven at trial, and warranting the imposition of punitive damages as established by the evidence and permitted by law.

### COUNT III
### Breach of Contract
### (Defendant USAA)

52.     Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

53.     By issuing the policy to Mrs. Gregoire, USAA entered into a contract with Mrs. Gregoire.

54.     USAA failed to perform and obscured its obligations under the express and implied provisions of the insurance contract.

55.     By engaging in the conduct alleged herein, USAA breached its contractual obligations to Mrs. Gregoire.

56.     USAA knew or reasonably should have known of its obligation to contractually perform under the insurance coverage and of Mrs. Gregoire's reasonable expectations regarding insurance coverage.

57.     Pursuant to the partial assignment of claims between Mrs. Gregoire and Mr. Sanders, referred to above, Mr. Sanders has the right to jointly prosecute claims and causes of action and collect damages that may have accrued on behalf of Mrs. Gregoire against USAA.

58.     USAA's breach of its contractual obligations to Mrs. Gregoire has damaged Plaintiffs in an amount to be proven at trial, and warranting the imposition of punitive damages as established by the evidence and permitted by law.

**COUNT IV**
**Violation of the Trade Practices and Frauds Act and the Insurance Code**
**(Defendant USAA)**

59.     Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

60.     There was in effect at all times material a state statute commonly known in the Insurance Code as the Trade Practices and Frauds Act ("TPFA"), NMSA 1978, Sections 59A-16-1 through -30 (1984, as amended), including but not limited to NMSA 1978, Section 59A-16-20 (1997), subsections (B), (C), (D), (E), and (N) which prohibits the following unfair claims practices:

B. failing to acknowledge and act reasonably promptly upon communication with respect to claims from insureds arising under policies;

C. failing to adopt and implement reasonable standards for the prompt investigation and processing of insured's claims arising under policies;

D. failing to affirm or deny coverage of claims of insureds within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;

E. not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

N. failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

61.     The actions of USAA constitute unfair insurance claims practices, knowingly committed or performed with such frequency as to indicate a general business practice prohibited by Section 59A-16-20, including but not limited to subsections (B), (C), (D), (E), and (N).

62.     USAA knowingly and willfully, or with such frequency as to indicate its general business practice in this State, engaged in unfair insurance claims practices prohibited by NMSA 1978, Section 59A-5-26(C)(2)(a & b) (1997), where USAA:

(a)     have without just cause failed to pay, or delayed payment of, claims arising under its policies, whether the claim is in favor of an insured or in favor of a third person with respect to the liability of an insured to such third person; or

(b)     without just cause compels insureds or claimants to accept less than amount due them or to employ attorney or to bring suit against the insurer or such an insured to secure full payment or settlement of a claim.

63.     USAA owed Mrs. Gregoire a duty in handling and processing Mr. Sanders' insurance claim made against Mrs. Gregoire's insurance policy with USAA, to timely evaluate and investigate available coverage, and to provide the same in accordance with the policies and regulations of the Superintendent of Insurance and New Mexico law.

64.     USAA did not attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim made against Mrs. Gregoire's policy with USAA, in which liability had become reasonably clear and that forced Mr. Sanders to institute litigation in order receive the benefits of Mrs. Gregoire's liability coverage.

65.     USAA knew shortly after the collision, that on the date of the collision Mrs. Gregoire was (a) the only cause of the collision, (b) there was no issue of comparative fault, and (c) Mr. Sanders was seriously injured.

66.     USAA promised to fulfill all the common law, statutory, and contractual obligations and duties of a liability insurer in issuing the policy of liability coverage to Mrs. Gregoire.

67.     USAA agreed to provide defense counsel in the event that Mrs. Gregoire was sued related to a covered accident, and that the defense counsel hired by USAA would represent the interests of Mrs. Gregoire.

68.     Following the accident of April 16, 2014, USAA quickly became aware of the accident facts, injuries sustained by Mr. Sanders, and exposure of Mrs. Gregoire to judgment in excess of the available liability limits.

69.     Mrs. Gregoire's high level of exposure was based in part upon the extensive injuries suffered by Mr. Sanders.

70.     USAA failed to adequately and timely investigate coverage and damages, delayed payment on Mr. Sanders' claims where liability was reasonably clear, with no legitimate reason refused to sign the affidavit confirming it was not aware of any additional liability coverages, and forced Mr. Sanders to file suit in this matter that resulted in exposing Mrs. Gregoire to a risk of judgement in excess of her available policy limits. In order to avoid the risk of a substantial verdict in excess of available policy limits, to protect herself and her peace of mind, Mrs. Gregoire paid an additional $40,000 out of pocket and assigned Mr. Sanders 50% (fifty percent) of her rights and claims, for all cause of action she may have against USAA and/or its agents and employees, any of their affiliates, subsidiaries, parent companies, successors, assigns or other companies to reach a settlement of the underlying claims with Mr. Sanders.

71.     Pursuant to the partial assignment of claims between Mrs. Gregoire and Mr. Sanders, referred to above, Mr. Sanders has the right to jointly prosecute claims and causes of action and collect damages that may have accrued on behalf of Mrs. Gregoire against USAA.

72.     USAA's acts, omissions, policies and conduct in violating the New Mexico Trades Practices and Frauds Act, and the New Mexico Insurance Code, have damaged Plaintiffs in an amount to be proven at trial, warranting the imposition of punitive damages as established by the evidence and permitted by law.

## COUNT V
### Violation of the Unfair Trade Practices Act
### (Defendant USAA)

73.     Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

74.     There was in effect at all times material a state statute commonly known as the New Mexico Unfair Trade Practices Act ("UPA"), NMSA 1978, Sections 57-12-1 to -26 (1967, as amended), including but not limited to those subsections in Section 57-12-2(D)(5), (D)(7), (D)(14), (D)(15), (D)(17) and Section 57-12-2(E), which prohibits a person selling insurance from engaging in unfair or deceptive trade practices, which include:

> (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that the person does not have;
>
> ................
>
> (7) representing that the goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another;
>
> ................
>
> (14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive;
>
> ................
>
> (15) stating that a transaction involves rights, remedies or obligations that it does not involve;
>
> ................
>
> (17) failure to deliver the quality or quantity of goods or services contracted for;
>
> and

E. "unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services, including services provided by licensed professionals, or in the extension of credit or in the collection of debts which to a person's detriment:

    (1) takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or

    (2) results in a gross disparity between the value received by a person and the price paid.

75.    USAA misrepresented and failed to deliver the quality or quantity of services contracted for by failing to timely afford insurance benefits under the liability coverage of Mrs. Gregoire's policy, in which she is a first-party insured.

76.    USAA misrepresented the characteristics of the coverage and services available for purchase by representing it would provide insurance coverage and insurance services compliant with New Mexico law.

77.    USAA used ambiguity, exaggeration or innuendo as to material facts in the sale of coverage as to the terms and provisions of the policy during and after the sale, and failed to state material facts that in so doing tended to deceive.

78.    USAA's wrongful conduct as described above, including misleading and misrepresenting that Defendant would timely investigate and settle the claim, failing to hold its interest equal to its insured's, and the failure to timely and properly resolve the claim against Mrs. Gregoire, which subjected her to a lawsuit and the risk of a large judgment to be entered against her, that would exceed policy limits, where liability was reasonably clear shortly after the collision at issue, constitutes both unfair and unconscionable practices as set forth in the UPA.

79.    USAA, acting through its agents, adjusters, employees, and others working on its behalf, as set forth above, knowingly and willfully engaged in unfair trade practices prohibited under

Section 57-12-3, including but not limited to those subsections in Section 57-12-2(D)(5), (D)(7), (D)(14), (D)(15), (D)(17) and Section 57-12-2(E).

80.     Pursuant to the partial assignment of claims between Mrs. Gregoire and Mr. Sanders, referred to above, Mr. Sanders has the right to jointly prosecute claims and causes of action and collect damages that may have accrued on behalf of Mrs. Gregoire against Defendant USAA.

81.     USAA's practices as described herein have resulted in damages to Mrs. Gregoire in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs pray for judgment as follows:

A.     Awarding compensatory damages to Plaintiffs for the damages done to them by Defendant in an amount to be proven at trial;

B.     Awarding punitive damages to Plaintiffs in an amount sufficient to punish Defendant for its reckless, willful, and wanton conduct, and to deter it, and others similarly situated, from such conduct in the future in an amount to be proven at trial;

C.     Awarding Plaintiffs damages from Defendant as a result of its violations of Article 16 of the New Mexico Insurance Code, in an amount to be determined at trial;

D.     Awarding treble damages in accordance with NMSA 1978, Section 57-12-10(B) (2005), and any and all damages permitted pursuant to NMSA 1978, Sections 57-12-1 to -26 (1967, as amended), which will deter Defendant and others from such unfair practices and wrongful conduct in the future and will punish them for the conduct set forth in this Complaint;

E.     Awarding pre- and post-judgment interest;

F.     Awarding Plaintiffs' costs and expenses, including attorneys' fees;

G.     Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF GEOFFREY R. ROMERO

*/s/ Geoffrey R. Romero*
Geoffrey R. Romero
Attorney for Plaintiffs
4801 All Saints Rd. NW
Albuquerque, NM  87120
P: (505) 247-3338
F: (505) 271-1539
Geoff_26_@hotmail.com

and

LAW OFFICES OF DAVID M. HOULISTON

*/s/ David M. Houliston*
David M. Houliston
Attorney for Plaintiffs
7500 Jefferson St. NE, Ste. 106
Albuquerque, NM 87109
P: (505) 247-1223
F: (505) 214-5204
David@houlistonlaw.com

FILED
2nd JUDICIAL DISTRICT COURT
Bernalillo County
8/19/2019 3:00 PM
James A. Noel
CLERK OF THE COURT
Patricia Serna

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**STEVEN SANDERS**
**and ARLINE GREGOIRE,**

Plaintiffs,

v.                                              Case No. ___D-202-CV-2019-06542___

**USAA CASUALTY INSURANCE COMPANY**

Defendant.

## JURY DEMAND

**COME NOW** Plaintiffs, by and through their attorneys of record, and demand a trial by jury consisting of twelve (12) members, and the jury fee in the a       300.00 is tendered herewith.

Respectfully submitted,

LAW OFFICES OF GEOFFREY R. ROMERO

_/s/ Geoffrey R. Romero_
Geoffrey R. Romero
Attorney for Plaintiff
4801 All Saints Rd. NW
Albuquerque, NM 87120
P: (505) 247-3338
F: (505) 271-1539
Geoff_26_@hotmail.com

and

LAW OFFICES OF DAVID M. HOULISTON
David M. Houliston
7500 Jefferson St. NE, Ste. 106
Albuquerque, NM 87109
P: (505) 247-1223
F: (505) 214-5204
David@houlistonlaw.com

I certify that I attached a copy of this
Jury Demand to the Complaint for
service upon Defendant.

*/s/ Geoffrey R. Romero*
**Geoffrey R. Romero, Esq.**

**FILED**
**2nd JUDICIAL DISTRICT COURT**
**Bernalillo County**
**8/19/2019 3:00 PM**
**James A. Noel**
**CLERK OF THE COURT**
**Patricia Serna**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

STEVEN SANDERS
and ARLINE GREGOIRE,

      Plaintiffs,

v.                  Case No. ____D-202-CV-2019-06542_____

USAA CASUALTY INSURANCE COMPANY,

      Defendant.

### COURT-ANNEXED ARBITRATION CERTIFICATION

    **COME NOW** Plaintiffs, by and through their attorneys of record, pursuant to Second Judicial District Local Rules, Rule LR2-603, and certifies as follows:

(_)    No party seeks anything other than a money judgment and the amount sought does not exceed Twenty-Five Thousand Dollars ($25,000.00) exclusive of interests, costs and attorney fees.

(X)    The parties seek relief other than a money judgment and/or seek relief in excess of Twenty-Five Thousand Dollars ($25,000.00) exclusive of punitive damages, interests, costs and attorney fees.

                      **Respectfully submitted,**

                      LAW OFFICES OF GEOFFREY R. ROMERO

                      */s/ Geoffrey R. Romero*
                      Geoffrey R. Romero
                      Attorney for Plaintiffs
                      4801 All Saints Rd. NW
                      Albuquerque, NM  87120
                      P: (505) 247-3338
                      F: (505) 271-1539
                      Geoff_26_@hotmail.com

                      and

LAW OFFICES OF DAVID M. HOULISTON

_/s/ David M. Houliston_
David M. Houliston
Attorney for Plaintiffs
7500 Jefferson St. NE, Ste. 106
Albuquerque, NM 87109
P: (505) 247-1223
F: (505) 214-5204
David@houlistonlaw.com

I certify that I attached a copy of this
Court-Annexed Arbitration Certification
to the Complaint for service upon Defendant.

_/s/ Geoffrey R. Romero_
**Geoffrey R. Romero, Esq.**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

STEVEN SANDERS
and ARLINE GREGOIRE,

      Plaintiffs,

v.                              Case No. D-202-CV-2019-06542

USAA CASUALTY INSURANCE COMPANY,

      Defendant.

## PLAINTIFF ARLINE GREGOIRE'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT USAA CASUALTY INSURANCE COMPANY

TO:     USAA Casualty Insurance Company
        c/o Office of the Superintendent of Insurance
        1120 Paseo de Peralta
        Santa Fe, NM 87501

      Plaintiff Arline Gregoire submits the following Interrogatories and Requests for

Production to Defendant USAA Casualty Insurance Company [hereinafter "USAA"]:

## DEFINITIONS

      1.     "You", "your", or "USAA" shall mean USAA, including any agents or anyone working on Defendant's behalf, including any adjusters, attorneys and anyone else acting on USAA's behalf. The terms "You," "Your," or "USAA" shall also include all predecessor business entities, as well as any predecessor's partners, directors, officers, employees, servants, agents, joint ventures or other representatives. The terms "You," "Your," "Defendant" or "USAA" shall also include all foreign subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent companies' partners, directors, officers, employees, servants, agents, joint ventures or other representatives.

      2.     "Document" includes, but is not limited to, the originals of all writings of every kind, including but not limited to letters, telegrams, memoranda, reports, studies, legal pleadings, speeches, calendars, diary entries, travel records and vouchers, promotional materials, pamphlets, handwritten notes, drafts, lists, directives, reports, tabulations, minutes and records of meetings, and telephone records, which are now or formerly were in the actual or constructive possession and control of you, your officers, directors, employees, attorneys, or other agents. "Document" also includes electronic data stored on computers, discs, and all types of storage devices for such data, as well as audio and/or visual recordings on tape, film, cassette, compact disc, digital video

disc, or any other type of storage devices for such recordings, and reproductions or film impressions of any of the aforementioned writings. "Document" also includes copies of all documents which are not identical duplicates of the originals, and copies of documents if the originals of documents are not in the possession, custody, or control of you, your officers, directors, employees, attorneys, or other agents.

      3.     "Alteration" of a document includes, without limitation, any modification, censorship, redaction, addition to or changing, which obscures, removes, amends, changes, or obliterates any part of the original language, information, or meaning.

      4.     The terms "identify" and "identity" when used in connection with any of the following terms mean and require you to state:

    a.    With respect to a natural person:
        i.    Such person's full name and present or last known home address;
        ii.    Such person's social security number; and
        iii.    The name and address of his or her present or last known employer and title or position of such employer.
    b.    With respect to any person other than a natural person:
        i.    Its full name and all of the names by which it is known or referred to;
        ii.    Its form of organization (e.g., corporation, partnership, etc.);
        iii.    The state under whose law it is organized;
        iv.    The present or last known address of its principal place of business or office; and
        v.    A description of the nature of its business.
    c.    With respect to a meeting:
        i.    The date and location thereof;
        ii.    The identity of all persons present;
        iii.    The identity of any documents which record, refer, or relate to the meeting; and
        iv.    The subject matter or matters discussed.
    d.    With respect to a communication:
        i.    The date, location, and medium of the communication;
        ii.    The identity of the parties to such communication;
        iii.    The identity of each person who was present when such communication occurred;
        iv.    The identity of any documents which record, refer to, or relate to such communication;
        v.    The subject matter or substance of such communication; and
        vi.    The identity of each person not a party to the communication who received such communication.
    e.    With respect to a document:
        i.    The date, author, and recipient(s), if any, of the document;

ii.     The subject matter and substance of the content of the
        document;

iii.    If the document is now or was ever in your possession,
        whether actual or constructive, or control, how you obtained
        the document and from whom you obtained it.

5.      "Person" means any natural person, public or Private Corporation, partnership,
joint venture, association, government or governmental entity (including any governmental agency
or political subdivision of any government), any group, and any form of business or legal
organization or entity.

6.      The connectives "and" and "or" are to be construed either disjunctively or
conjunctively as necessary to bring within the scope of the interrogatory all responses that might
otherwise be construed to be outside of its scope, and are not to be interpreted in such a manner as
to exclude any information within the scope of the interrogatory.

7.      The use of the singular herein shall be determined to include the plural and vice
versa.

## INTERROGATORIES

**INTERROGATORY NO. 1:**     Please identify each and every person (by name,
address and title) providing information used to answer these interrogatories, the interrogatory for
which they provided information, as well as the full name, address, and title of the person verifying
these interrogatories, as well as the number of years that the person verifying these interrogatories
has worked for USAA.

**ANSWER:**

**INTERROGATORY NO. 2:**  Identify all persons who to your knowledge have given a
statement in any form (written, oral, recorded or otherwise) in connection with the investigation
of Claim Ref. No. 002298940-14 and Case No. D-202-CV-2015-04283, and/or any facts or
circumstances relevant to this litigation. For each person identified, provide the date and time of
the statement, substance of the statement, to whom the statement was made, who was present when
the statement was made, whether the statement was written, oral, recorded, and/or transcribed, and
all persons presently having custody of the statement.

3

**ANSWER:**

**INTERROGATORY NO. 3:** Identify each person who was involved in any investigation of the facts and circumstances pertaining to Claim Ref. No. 002298940-14 and Case No. D-202-CV-2015-04283 on behalf of USAA. For each person identified, describe their role and involvement in the investigation.

**ANSWER:**

**INTERROGATORY NO. 4:** As to any tests, inspections, measurements and/or investigations performed by or on behalf of USAA, or of which USAA was aware regarding the facts and circumstances of the collision and injuries sustained by all parties, pertaining to Claim Ref. No. 002298940-14 and Case No. D-202-CV-2015-04283, identify all person(s) who ordered and/or who participated in performing each and describe in detail the subject(s), the dates of each such test, inspection, measurement or investigation, the purpose(s) of each, the methodologies utilize, and the conclusions of each.

**ANSWER:**

**INTERROGATORY NO. 5:** If USAA, or anyone on its behalf, performed any accident reconstruction and/or review of the subject car accident as identified in Claim Ref. No. 002298940-14 and Case No. D-202-CV-2015-04283, to determine liability and/or fault, identify all persons that were involved in the review, the dates of the review, and the conclusions that were reached.

**ANSWER:**

**INTERROGATORY NO. 6:** If USAA maintained that any party or non-party other than Arline Gregoire had any responsibility of any kind for causing the subject car accident as identified in Claim Ref. No. 002298940-14 and Case No. D-202-CV-2015-04283, identify each such person,

party and/or entity, describe in detail the basis for their responsibility, and identify all person(s) who had any knowledge regarding such responsibility.

**ANSWER:**

**INTERROGATORY NO. 7:** Please identify all individuals who handled, investigated, consulted on, worked on, reviewed and/or made any decisions regarding Steven Sanders' insurance claim at the center of Claim Ref. No. 002298940-14 and Case No. D-202-CV-2015-04283, and for every individual provide the following:

    a.  Name, address, and phone number;

    b.  Title, job description, and relationship to USAA (e.g., employee, independent contractor);

    c.  A description of the work on the claim;

    d.  How long the person has worked for or on behalf of USAA (i.e., calendar dates);

    e.  Whether the person continues to work for or on behalf of USAA;

    f.  If the person no longer works for or on behalf of USAA, when the relationship with USAA ended (i.e., calendar date) and the last known address and phone number for such person.

**ANSWER:**

**INTERROGATORY NO. 8:** Identify all methods, tools, methodologies, computer programs or other systems used to determine, value, analyze, approve, disapprove or organize insurance claims and coverage.

**ANSWER:**

5

**INTERROGATORY NO. 9:** Identify any policies, procedures, guidelines, directives, memos or any other documents setting forth the standards, rules, guidelines or protocols you follow in adjusting claims.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify all files, records, recordings and documents, electronic, paper or otherwise, you maintain concerning Mrs. Gregoire and Mr. Sanders pertaining to Claim Ref. No. 002298940-14 and Case No. D-202-CV-2015-04283.

**ANSWER:**

**INTERROGATORY NO. 11:** Please identify all licenses for adjusting claims held by all adjuster(s) that participated in the adjusting, evaluating, decision making, and investigation of Mr. Sanders' claim, including identifying the adjuster(s), listing the dates of each license held, and listing the states in which each license was held. Please indicate whether any licenses for adjusting held by any of these individuals were ever suspended or revoked; for each revocation or suspension please identify the date of the same, and the circumstances surrounding the revocation or suspension.

**ANSWER:**

**INTERROGATORY NO. 12:** Please list what qualifications and training USAA requires of its adjusters to adjust and investigate automobile liability claims in New Mexico.

**ANSWER:**

**INTERROGATORY NO. 13:** At any time during the last 10 (ten) years, has Defendant USAA been sued for common law or statutory violations involving wrongful failure to settle, delay of payments, failure to investigate, or any other extra-contractual claims-handling matter? If so, for each lawsuit please provide the following information:

6

a.    the name of the plaintiff(s) bringing the suit;

b.    the case number;

c.    the jurisdiction in which the suit was filed;

d.    how the lawsuit was resolved; and

e.    a description of the claims at issue.

**ANSWER:**

**INTERROGATORY NO. 14**:  List all documents reviewed in responding to Mrs. Gregoire's Interrogatories and Requests for Production.

**ANSWER:**

**INTERROGATORY NO. 15:**  Please identify all companies associated with, that are subsidiaries of, or have any financial interest in, Defendant USAA, and explain the relationship of each company to Defendant USAA.

**ANSWER:**

**INTERROGATORY NO. 16**:  Please describe each and every step that was taken by Defendant USAA or its agents in investigating Mr. Sanders' claim.

**ANSWER**:

**INTERROGATORY NO. 17**:  Please describe in detail the date and substance of each communication between Defendant USAA and Ms. Gregoire regarding the claims and issues regarding Claim Ref. No. 002298940-14 and Case No. D-202-CV-2015-04283.  For each communication, please describe the type of communication, the substance of the communication, and identify all documents incorporating such communication.

**ANSWER**:

**INTERROGATORY NO. 18:**     Please describe in detail the date and substance of each communication between Defendant USAA and Mrs. Gregoire's council for the underlying claim regarding Claim Ref. No. 002298940-14 and Case No. D-202-CV-2015-04283. For each communication, please describe the type of communication, whether verbal or written, and a brief synopsis of the substance of each communication.

**ANSWER:**

**INTERROGATORY NO. 19:**     Please identify and describe in detail the date and substance of each communication between Defendant USAA and/or its agents and any person and/or witness interviewed regarding Claim Ref. No. 002298940-14 and Case No. D-202-CV-2015-04283. For each communication please describe the type of communication, whether phone call or correspondence, including email, and a brief synopsis of the substance of each communication.

**ANSWER:**

**INTERROGATORY NO. 20:**     Describe by name all individuals who participated in USAA's decision to refuse to execute the affidavit confirming it was not aware of any additional liability coverages prior to the filing of the lawsuit in Case No. D-202-CV-2015-04283. For each individual please describe their involvement or role in the decision not to execute the affidavit.

**ANSWER:**

**INTERROGATORY NO. 21:**     Identify all liability policies, errors and omissions policies, umbrella policies, and any other policies providing USAA coverage for any of the counts or allegations contained in Plaintiffs' Complaint. Identify every insurance carrier, insurance policy, policy number, and the limits of coverage afforded by each policy.

**ANSWER:**

8

**INTERROGATORY NO. 22:**      Please describe in detail any and all contracts and/or agreements that were entered into between you and Mrs. Gregoire, including the nature, extent, and duration or scope of each contract/agreement.

**ANSWER:**

**INTERROGATORY NO. 23:**      Please describe in detail the date and substance of each communication between you and Mrs. Gregoire and/or her counsel for the underlying claim, regarding the handling of Claim Ref. No. 002298940-14 and Case No. D-202-CV-2015-04283. This request includes but is not limited to all correspondence, attorney or staff notes, email communications, messages, memos, memorandums, all information sent, stored or saved electronically, and any other internal or external documentation which in any way relates to Cause Case No. D-202-CV-2015-04283.   For each communication, please describe the type of communication, the date, the parties to the communication, whether verbal or written, and a synopsis of the substance of each communication.

**ANSWER:**

**INTERROGATORY NO. 24:**      State the name and address of every person known to you, your attorneys and your representatives who have or claims to have information or knowledge relating to facts and circumstances related to Claim Ref. No. 002298940-14 and Case No. D-202-CV-2015-04283, in any form and state in detail the information which each has or purports to have.

**ANSWER:**

**INTERROGATORY NO. 25:**      Please    identify    and    describe    any    and    all communications, including but not limited to phone calls, meetings, letters, memorandums, emails

9

or other documentation, which relate to and/or concern the settlement of Mr. Sanders' case with Mrs. Gregoire, and for each communication provide the date, the parties to the communication, and the substance of the communication.

**ANSWER:**

**INTERROGATORY NO. 26:**   Please   identify   and   describe   any   and   all communications, including but not limited to phone calls, meetings, letters, memorandums, emails or other documentation, which relate to and/or concern informing Mrs. Gregoire and/or her family of her exposure to a judgement in excess of her available policy limits, and for each communication provide the date, the parties to the communication, and the substance of the communication.

**ANSWER:**

**INTERROGATORY NO. 27:**   Please   identify   and   describe   any   and   all communications, including but not limited to phone calls, meetings, letters, memorandums, emails or other documentation, which relate to and/or concern informing Mrs. Gregoire that her policy with USAA would not be amended to cover the cost of any verdict in excess of her available policy limits, and for each communication provide the date, the parties to the communication, and the substance of the communication.

**ANSWER:**

**INTERROGATORY NO. 28:**  State the name, address and telephone number of each person you may call as a witness at trial, and the subject matter about which each person is expected to testify, and for each expert witness state the subject matter about which the expert is expected to testify, the substance of the facts and opinions as to which the expert is expected to testify, the grounds or reasons for each such opinion, identify all documentation and demonstrative materials upon which the expert will rely for his/her opinions, a list of all cases in which the expert

10

has testified in the last five (5) years, and copies of all fee schedules and billings generated by the

expert which relate to this case.

**ANSWER:**

**INTERROGATORY NO. 29:**  For each denial in your Answer to Plaintiffs' Complaint

and each affirmative defense please state the complete, legal and factual basis for the same,

identifying:

> (a) Each fact on which you base your denial;
>
> (b) Each witness that supports your denial; and
>
> (c) Each document that supports your denial.

**ANSWER:**

**INTERROGATORY NO. 30:**  Identify each and every telephone call recorded by USAA,

its agents and or representatives related to Claim Ref. No. 002298940-14 including the date of the

recording, the names of the participants, and the identity of the persons(s) making the recording.

**ANSWER:**

**INTERROGATORY NO. 31:**  Identify USAA's policy for recording telephone calls

during claims handling, including during litigation, and describe the program, system or method

by which such recordings are created and maintained.

**ANSWER:**

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**   Provide a complete copy of the Claims File for Mrs. Gregoire and Claim Ref. No. 002298940-14, including a copy of the file jacket (inside and out).

A.   For each and every portion of the file contained on computer, please print a paper copy of each portion.

B.   If any information has been deleted from either the paper file or the computer file, please identify what documents/information was deleted, the contents of the same, and the reason for deletion.

C.   Include instructions regarding investigation and coverage questions.

**RESPONSE:**

**REQUEST NO. 2:**   Provide a complete copy of all communications and recordings created and maintained by USAA including Emails, diaries, committee meeting, telephone call recordings, and any and all records and communications in whatever form related to Claim Ref. No. 002298940-14.

A.   For each and every record please print a paper copy of each portion.

B.   For each recorded telephone call please produce a complete copy of the recording.

C.   If any information has been deleted from either identify what documents/information/records/recordings were deleted, the contents of the same, and the reason for deletion.

**RESPONSE:**

**REQUEST NO. 3:**   Produce a certified copy of each insurance policy that was in effect on April 16, 2014, providing liability coverage to Mrs. Gregoire, complete with all declarations

12

pages, attachments, endorsements, exclusions and amendments. Please identify the effective date of each attachment, endorsement and amendment.

**RESPONSE:**

**REQUEST NO. 4**: Any and all documentation and correspondence between you and employees, contractors, experts, and adjusters concerning the underlying claim, Claim Ref. No. 002298940-14, and/or Case No. D-202-CV-2015-04283.

**RESPONSE:**

**REQUEST NO. 5**: Any and all documentation and correspondence between you and Mrs. Gregoire and Mrs. Gregoire's counsel for the underlying claim, Claim Ref. No. 002298940-14, and Case No. D-202-CV-2015-04283.

**RESPONSE:**

**REQUEST NO. 6:**   All correspondence, documents, memoranda, minutes of meetings, memos, attorney billing and expenses, and all other information produced or received by USAA in any way related to the underlying claim, Claim Ref. No. 002298940-14, and/or Case No. D-202-CV-2015-04283.

**RESPONSE:**

**REQUEST NO. 7:**   Any and all claims handling manuals, underwriting manuals, guidelines, and/or any other materials used to train claims handlers and/or adjusters for use in handling New Mexico automobile liability claims.

**RESPONSE:**

**REQUEST NO. 8:**  All documents reflecting any telephone conversations or telephone messages, notes, email, and all forms of informal communication, or notations made by or for you

13

in handling Mr. Sanders' claim against Mrs. Gregoire in the underlying claim, Claim Ref. No. 002298940-14, and/or Case No. D-202-CV-2015-04283.

**RESPONSE:**

**REQUEST NO. 9:** All documents evidencing the allocation of responsibilities, fees, or breakdown of shared work, responsibilities and representation of Mrs. Gregoire in the underlying claim, Claim Ref. No. 002298940-14, and/or Case No. D-202-CV-2015-04283.

**RESPONSE:**

**REQUEST NO. 10:** All materials, pamphlets, rules, policies, procedures, guidelines, employee handbooks, "code of ethics," any other related documents, and videos provided by USAA, or anyone working on its behalf, to its New Mexico agents regarding the handling, investigation, and settlement of automotive liability claims, from 2009 to the present.

**RESPONSE:**

**REQUEST NO. 11:** All materials, pamphlets, rules, policies, procedures, guidelines, employee handbooks, "code of ethics," any other related documents, and videos provided by Defendant USAA, or anyone working on its behalf, related to communications to its insureds regarding punitive damage exposure under its automotive liability policies, from 2009 to the present.

**RESPONSE:**

**REQUEST NO. 12:** All data, studies, surveys, reports, consultations, evaluations, letters, notes, memoranda, and any other writings or documents generated by or for USAA concerning or relating to automotive liability coverage in New Mexico.

**RESPONSE:**

**REQUEST NO. 13:** Produce a copy of all documents reviewed in responding to Mrs. Gregoire's Interrogatories and Requests for Production.

**RESPONSE:**

**REQUEST NO. 14:** Produce all communications, documents, memoranda notes minutes of meetings generated or received by USAA in any way related to its dealings with Mrs. Gregoire or her counsel for the underlying claim including but not limited to coverage procurement, billing, expenses, policies, or any coverage issues or information.

**RESPONSE:**

**REQUEST NO. 15:** Produce copies of all communications emails, letters, correspondence, notes, and writings delivered to Mrs. Gregoire in which Mrs. Gregoire was advised that she would not receive or did not have enough liability coverage for the injuries and damages sustained by Mr. Sanders by the accident of April 16, 2014.

**RESPONSE:**

**REQUEST NO. 17:** All documents or records related the legal representation of Mrs. Gregoire in Case No. D-202-CV-2015-04283 including, but not limited to, retainer agreements, employment contracts, file notes, correspondence, memoranda, pleadings, reports, billing, e-mails, etc.

**RESPONSE:**

**REQUEST NO. 18:** Provide all contracts and/or agreements that were entered into between you and Mrs. Gregoire and/or Mrs. Gregoire's counsel for the underlying claim.

**RESPONSE:**

15

**REQUEST NO. 19:**  From 2009 to the present, produce complete copies of USAA's tax returns and statements of assets and liabilities, and USAA's rate filings and annual reports submitted to the New Mexico Department of Insurance/Public Regulation Commission.

**RESPONSE:**

**REQUEST NO. 20:**  Produce every prospectus, statement of earnings, annual statements, reports to shareholders (if any), reports to partners (if any), statement of assets, or any other "document" that shows the earnings, assets, and financial condition of USAA from January 1, 2009 through the present.

**RESPONSE:**

**REQUEST NO. 21:**  All documentation that USAA intends to rely upon in whole, or in part, in any defense to the allegations set forth in the Plaintiffs' Complaint.

**RESPONSE:**

**REQUEST NO. 22:**  Any and all documents you intend to introduce or rely upon at trial in this case not produced in response to the other requests.

**RESPONSE:**

**REQUEST NO. 23:**  As to each expert witness whom you expect to call at trial, provide:

    a.  all documents provided to any expert witness whom you expect to call at trial, including correspondence, videos, photographs, manuals, measurements, notes, physical evidence, statements, summaries, records, reports, literature, memoranda, or any other documents prepared by you, your attorney, or agents; and

    b.  all documents, information, literature, studies, reports, bulletins or any other "documents" on which the expert relies to reach his or her opinion; and

    c.  all records, reports, notes, memoranda, bills, correspondence, or other documents prepared by any expert in connection with this case; and

d.  copies of any manuscripts, drafts, galleys, outlines, slides, PowerPoint-type presentations, concerning any oral or written presentations made by the expert on any subject relevant to this case; and

e.  transcripts of all deposition and trial testimony in which the expert testified; and

f.  a current *curriculum vitae* for each expert; and

g.  all exhibits, of any type or kind, prepared by, for, or with the assistance of the expert that are intended to illustrate any aspect of the expert's testimony.

**RESPONSE:**

**REQUEST NO. 24:**  Complete copies of all exhibits which you or your attorneys may offer into evidence at the trial of this lawsuit.

**RESPONSE:**

**REQUEST NO. 25:**  Complete copies of all photographs, slides, videos, films and other types of graphic representation, of any location, entity, object or person which are in your care, custody or control, or in the care, custody or control of anyone on your behalf, specifically including your attorney and agents, and which relate to liability and damages described in the Complaint.

**RESPONSE:**

Respectfully submitted,

LAW OFFICES OF GEOFFREY R. ROMERO

*/s/ Geoffrey R. Romero*
Geoffrey R. Romero
Attorney for Plaintiffs
4801 All Saints Rd. NW
Albuquerque, NM 87120
P: (505) 247-3338
F: (505) 271-1539
Geoff_26_@hotmail.com

and

17

LAW OFFICES OF DAVID M. HOULISTON

*/s/ David M. Houliston*
David M. Houliston
Attorney for Plaintiffs
7500 Jefferson St. NE, Ste. 106
Albuquerque, NM 87109
P: (505) 247-1223
F: (505) 214-5204
David@houlistonlaw.com

18

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

STEVEN SANDERS
and ARLINE GREGOIRE,

      Plaintiffs,

v.                              Case No. D-202-CV-2019-06542

USAA CASUALTY INSURANCE COMPANY,

      Defendant.

## PLAINTIFF ARLINE GREGOIRE'S FIRST REQUEST FOR ADMISSIONS OF FACT TO DEFENDANT USAA CASUALTY INSURANCE COMPANY

TO:    **USAA Casualty Insurance Company**
       **c/o Office of the Superintendent of Insurance**
       **1120 Paseo de Peralta**
       **Santa Fe, NM  87501**

      **COMES NOW** Plaintiff Arline Gregoire, by and through undersigned council,

and hereby requests that Defendant USAA Casualty Insurance Company, (hereinafter

referred to as "USAA"), respond to the following Requests for Admissions of Fact

within thirty (30) days of this Request.

### DEFINITION

      1.     "USAA" shall mean USAA, including any agents or anyone working on
Defendant's behalf, including any adjusters, attorneys and anyone else acting on
USAA's behalf.  The terms "USAA" shall also include all predecessor business entities,
as well as any predecessor's partners, directors, officers, employees, servants, agents,
joint ventures or other representatives. The term "USAA" shall also include all foreign
subsidiaries or foreign parent companies, as well as any foreign subsidiaries' or parent
companies' partners, directors, officers, employees, servants, agents, joint ventures or
other representatives.

1

**REQUEST NO. 1:**        Admit or deny that Mrs. Gregoire's negligence was a cause of Mr. Sanders' bodily injury and/or damages sustained as a result of the accident at issue in Case No. D-202-CV-2015-04283.

**ADMIT**_____                        **DENY**_____

**REQUEST NO. 2:**        Admit or deny that Mrs. Gregoire's negligence was a cause of the motor vehicle accident in Case No. D-202-CV-2015-04283.

**ADMIT**_____                        **DENY**_____

**REQUEST NO. 3:**        Admit or deny that USAA knew, or should have known, within 30 days  prior to Plaintiff requesting an executed affidavit from Defendants Gregoire & USAA, that the actual damages sustained by Mr. Sanders in Case No. D-202-CV-2015-04283 likely exceeded the per person liability insurance coverage limits available to protect Mrs. Gregoire.

**ADMIT**_____                        **DENY**_____

**REQUEST NO. 4:**        Admit or deny that USAA knew, or should have known, within 30 days  prior to Plaintiff requesting an executed affidavit from Defendants Gregoire & USA that Defendant Gregoire should have yielded the right of way to Mr. Sanders and had made an improper turn, crossing 3 lanes of traffic, causing the accident that was the subject of Case No. D-202-CV-2015-04283.

**ADMIT**_____                        **DENY**_____

2

**REQUEST NO. 5:**          Admit or deny that USAA knew prior to litigation in

the underlying case that Mr. Sanders had a compound fracture of his left femur and

other injuries arising from the accident that was the subject of Case No. D-202-CV-2015-

04283.

    **ADMIT** _____          **DENY** _____

**REQUEST NO. 6:**          Admit or deny that USAA failed to timely investigate

and evaluate the accident of April 16, 2014 and to assess the damages and liability

exposure of Mrs. Gregoire.

    **ADMIT** _____          **DENY** _____

**REQUEST NO. 7:**          Admit or deny that prior to filing the lawsuit against

Mrs. Gregoire, Mr. Sanders, through counsel, agreed to settle all claims against Mrs.

Gregoire and USAA upon the condition that she and USAA execute affidavits

confirming that neither were aware of any additional liability coverage available to

compensate Mr. Sanders for his injuries and damages related to the accident of April 16,

2014.

    **ADMIT** _____          **DENY** _____

**REQUEST NO. 8:**          Admit or deny that Mrs. Gregoire executed the

requested affidavit referred to in the preceding request for admission.

    **ADMIT** _____          **DENY** _____

3

**REQUEST NO. 9:**          Admit or deny USAA refused to execute the affidavit, refusing to confirm it was not aware of any additional available liability coverage.

**ADMIT**_____          **DENY**_____

**REQUEST NO. 10:**          Admit or deny that USAA was aware that failure to execute the affidavit would result in a suit being filed against its insured, Mrs. Gregoire.

**ADMIT**_____          **DENY**_____

**REQUEST NO. 11:**          Admit or deny that Mr. Sanders' counsel afforded USAA more than one opportunity to execute the affidavit and effect a settlement and release of claims against Mrs. Gregoire.

**ADMIT**_____          **DENY**_____

**REQUEST NO. 12:**          Admit or deny that USAA could have signed the affidavit, without any cost or risk to itself.

**ADMIT**_____          **DENY**_____

**REQUEST NO. 13:**          Admit   USAA   could   have   easily   made   the determination of whether or not it (USAA) was aware of additional liability coverage available to cover its insured for the loss of April 16, 2014.

**ADMIT**_____          **DENY**_____

**REQUEST NO. 14:**          Admit or deny that USAA had no legitimate basis for its refusal to execute the affidavit.

**ADMIT**_____          **DENY**_____

4

**REQUEST NO. 15:**        Admit or deny that USAA failed to hold the interests

of its insured, Mrs. Gregoire, equal to its own by refusing to sign an affidavit

confirming it was not aware of additional liability coverages and by subjecting its

insured to litigation.

**ADMIT** _____                    **DENY** _____

**REQUEST NO. 16:**        Admit or deny that because USAA refused to sign the

affidavit, Mrs. Gregoire suffered damages she otherwise would not have suffered.

**ADMIT** _____                    **DENY** _____

**REQUEST NO. 17:**        Admit or deny that USAA actions constitute bad

faith, negligence, and/or breaches of common law, statutory duties, and/or contractual

duties.

**ADMIT** _____                    **DENY** _____

**REQUEST NO. 18:**        Admit or deny that USAA failure to hold Mrs.

Gregoire's interests equal to its own breached its contract with Mrs. Gregoire, violated

the Unfair Trades Practices Act and the Unfair Practices Act, and constituted common

law bad faith.

**ADMIT** _____                    **DENY** _____

Respectfully submitted,

LAW OFFICES OF GEOFFREY R. ROMERO

_/s/ Geoffrey R. Romero_____
Geoffrey R. Romero
Attorney for Plaintiffs
4801 All Saints Rd. NW

5

Albuquerque, NM  87120
P: (505) 247-3338
F: (505) 271-1539
geoff_26_@hotmail.com

and

**LAW OFFICES OF DAVID M. HOULISTON**

*/s/ David M. Houliston*
David M. Houliston
Attorney for Plaintiffs
7500 Jefferson St. NE, Ste. 106
Albuquerque, NM 87109
P: (505) 247-1223
F: (505) 214-5204
David@houlistonlaw.com

6




7018 1830 0000 6972 1685

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE



U.S. POSTAGE >> PITNEY BOWES

ZIP 87501 $ 008.50⁰
02 4W
0000340467 AUG 26 2019



Service of Process
PO Box 1689
Santa Fe, New Mexico 87504-1689

To:   USAA Casualty Insurance Company
CSC 123 E. Marcy Street, Suite 101
Santa Fe, NM 87501

**FILED**
**2nd JUDICIAL DISTRICT COURT**
**Bernalillo County**
**8/19/2019 3:00 PM**
**James A. Noel**
**CLERK OF THE COURT**
**Patricia Serna**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**STEVEN SANDERS**
**and ARLINE GREGOIRE,**

      **Plaintiffs,**

**v.**                **Case No.**    D-202-CV-2019-06542

**USAA CASUALTY INSURANCE COMPANY,**

      **Defendant.**

### COMPLAINT FOR INSURANCE BAD FAITH, FOR BREACH OF THE NEW MEXICO INSURANCE CODE, BREACH OF THE UNFAIR TRADE PRACTICES ACT, BREACH OF THE TRADE PRACTICES AND FRAUDS ACT, BREACH OF CONTRACTUAL DUTIES

      Plaintiffs Steven Sanders and Arline Gregoire, through undersigned counsel, file their cause of action against USAA Casualty Insurance Company (hereinafter "USAA") and state the following:

      1.     Plaintiff Steven Sanders was at all times material to this matter, a resident of Bernalillo County, Albuquerque, New Mexico.

      2.     Plaintiff Arline Gregoire was at all times material to this matter, a resident of Bernalillo County, Albuquerque, New Mexico.

      3.     Upon information and belief, Defendant USAA was and is an insurer as defined by New Mexico law that is organized and existing under the laws of a state other than New Mexico, and at all times material was licensed to conduct the business of insurance in New Mexico and is engaging in the business of insurance in New Mexico.

      4.     At all times material, Defendant USAA insured Ms. Gregoire with an automobile liability policy in the amount of $100,000 per person and $300,000 per accident in liability coverage.

      5.     A Stipulated Order of Dismissal of Case No. D-202-CV-2015-04283 was filed on November 27, 2018.

6.      Jurisdiction and venue are proper in this Court.

### Background

7.      On April 16, 2014, Steven Sanders was lawfully operating his 2008 Kawasaki motorcycle on westbound Lomas Blvd. NE, in the center lane, proceeding through the intersection at Easterday Dr. NE in Albuquerque, New Mexico.

8.      Arline Gregoire was operating a 2013 Toyota passenger car, owned by Mrs. Gregoire, and was on southbound Easterday Dr. NE, stopped at a red light.

9.      Mrs. Gregoire, failed to yield the right of way to Mr. Sanders, attempted an improper right turn, drove her vehicle across all three eastbound lanes of traffic, and caused the collision between Mr. Sanders' and Mrs. Gregoire's vehicles.

10.     The collision caused Mr. Sanders to be thrown off his motorcycle, landing him onto the eastbound side of Lomas along with his motorcycle, resulting in severe and permanent injuries to Mr. Sanders.

11.     On or about May 20, 2015, Mr. Sanders filed the lawsuit, Case No. D-202-CV-2015-04283, alleging Mrs. Gregoire was responsible for injuries suffered by Mr. Sanders as a result of the motor vehicle accident which occurred on or about April 16, 2014.

12.     Mrs. Gregoire answered the complaint on or about June 25, 2015 in Bernalillo County, New Mexico.

13.     Prior to the accident Mrs. Gregoire had procured motor vehicle liability insurance through USAA. USAA had a duty to comply with all common law, contractual and statutory duties of an insurer in the handling of claims against Mrs. Gregoire. The policy provided liability coverage with bodily injury limits in the amount of $100,000 per person and $300,000 per occurrence.

14.     USAA promised to fulfill all the common law, statutory, and contractual obligations and duties of a liability insurer in issuing the policy of liability coverage to Mrs. Gregoire.

15.     USAA Agreed to represent the interests of Mrs. Gregoire in the event of an accident.

16.     Following the accident USAA quickly became aware of the accident facts, injuries sustained by Mr. Sanders, and exposure of Mrs. Gregoire to judgment in excess of the available liability limits. Mrs. Gregoire's high level of exposure was based in part upon the extensive injuries suffered by Mr. Sanders.

17.     USAA had a duty to timely investigate and evaluate the accident of April 16, 2014 and to assess the damages and liability exposure of its insured, Mrs. Gregoire.

18.     Prior to filing of the lawsuit referenced above, USAA knew, or should have known, that the actual damages sustained by Mr. Sanders likely exceeded the per person liability insurance coverage limits available to protect Mrs. Gregoire.

19.     Prior to the filing of the lawsuit against Mrs. Gregoire, Mr. Sanders, through his council agreed to settle all claims against Mrs. Gregoire upon the condition that she and USAA execute affidavits confirming that neither were aware of any additional liability coverage available to compensate Mr. Sanders for his injuries and damages related to the accident of April 16, 2014.

20.     Mrs. Gregoire agreed to and did execute the requested affidavit.

21.     USAA, through its agents and employees, refused to execute the affidavit, refusing to confirm it was not aware of any additional available liability coverage.

22.     USAA was aware that failure to execute the affidavit would result in a suit being filed against its insured, Mrs. Gregoire.

23.     Counsel for Mr. Sanders afforded more than one opportunity for USAA to execute the affidavit and effect a settlement and release of claims against its insured, offering at least two deadlines by which the affidavit should be executed.

24.     USAA refused to execute the affidavit prior to the expiration of the deadlines imposed by counsel for Mr. Sanders, knowing that its insured, Mrs. Gregoire, would be subjected to a lawsuit, and exposed to damages in excess of her available liability limits.

25.     Had USAA agreed to sign, and executed the affidavits prior to the deadlines provided by counsel for Mr. Sanders, Mr. Sanders would have accepted the settlement of available policy limits and released claims and released Mrs. Gregoire from any further liability.

26.     Because USAA refused to agree to sign the affidavit by the deadlines provided Mr. Sanders filed the lawsuit against Mrs. Gregoire.

27.     USAA had no legitimate basis to refuse to execute the affidavit. It could verify it had no knowledge of any additional liability policies without any cost or risk to itself.

28.     USAA's refusal to execute the affidavit failed to hold the interests of its insured, Mrs. Gregoire, equal to its own,

29.     USAA failed to protect Mrs. Gregoire from the risk of exposure to an excess verdict by refusing to sign the affidavit and by failing, thereby, to obtain a settlement and release of claims against Mrs. Gregoire prior to suit being filed.

30.     Mrs. Gregoire experienced stress and emotional distress related to litigation which she would not have experienced but for the failures of USAA.

31.     As of May 2016, Mr. Sanders had incurred in excess of $107,000 in reasonable and necessary medical costs.

32.     In order to avoid the risk of a judgment in excess of available police limits Mrs. Gregoire entered into a Settlement on April 23, 2018, in Case No. D-202-CV-2015-04283. Mr. Sanders agreed to the Settlement in the amount of $140,000, $40,000 of which was out of pocket from Mrs. Gregoire, and for the execution of a partial assignment of extra-contractual claims against USAA and/or its agents and employees, any of their affiliates, subsidiaries, parent companies, successors,

assigns or other companies. Mrs. Gregoire assigned Mr. Sanders 50% (fifty percent) of her rights and claims, for all causes of action she may have against USAA and/or its agents and employees, any of their affiliates, subsidiaries, parent companies, successors, assigns or other companies.

33.    Both Mr. Sanders and Mrs. Gregoire are represented by undersigned counsel for all claims set forth in the present Complaint.

34.    Mrs. Gregoire would not have experienced the emotional distress referenced above and would not have had to pay $40,000 out of pocket, had USAA timely agreed to execute the affidavit confirming it was not aware of any additional insurance coverage.

35.    Because of the failures, negligence, or breaches of common law duties, statutory duties, and contractual duties by USAA, Mrs. Gregoire paid an additional $40,000 out of pocket to reach a settlement of the underlying claims with Mr. Sanders.

36.    At all times Mrs. Gregoire relied on USAA to fulfill its common law, statutory, and contractual duties.

37.    USAA failed to hold the interests of Mrs. Gregoire equal to its own, and breached its contract with Mrs. Gregoire, Violated the Unfair Trades Practice Act and the Unfair Practices Act, and committed common law bad faith, resulting in damages to Mrs. Gregoire as set forth above.

38.    USAA, inter alia, violated the Trade Practices and Frauds Act ("TPFA"), NMSA 1978, Sections 59A-16-1 through -30 (1984, as amended), including but not limited to NMSA 1978, Section 59A-16-20 (1997), subsections (B), (C), (D), (E), and (N) resulting in damages to Mrs. Gregoire.

**COUNT I**
**Insurance Bad Faith**
**(Defendant USAA)**

39.    Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

40.     USAA failed to act in good faith, and to honestly and fairly balance its own interests with the interests of its insured, Mrs. Gregoire.

41.     USAA's unreasonable delay was undertaken for reasons that were frivolous or unfounded.

42.     USAA, as set forth herein, has breached its duty to act honestly and in good faith in the performance of its insurance contract with Mrs. Gregoire by failing to timely investigate, evaluate and pay Mr. Sanders' claims in Case No. D-202-CV-2015-04283.

43.     Pursuant to the partial assignment of claims between Mrs. Gregoire and Mr. Sanders, referred above, Mr. Sanders has the right to jointly prosecute claims and causes of action and collect damages that may have accrued on behalf of Mrs. Gregoire against USAA.

44.     USAA's conduct, as set forth herein, has resulted in damages to Mrs. Gregoire and Mr. Sanders in an amount to be proven at trial.

45.     USAA's conduct, as set forth herein, was in reckless disregard for the interests of Mrs. Gregoire, or was based on dishonest judgment, or was otherwise malicious, willful or wanton, warranting an award of punitive damages.

## COUNT II
### Breach of the Implied Covenant of Good Faith and Fair Dealing
### (Defendant USAA)

46.     Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

47.     In issuing an insurance policy to Mrs. Gregoire, USAA had a duty to act in good faith and to treat its policyholder in a fair manner, and to act honestly, both in fact and in law in its dealings.

48.     USAA did not timely investigate and evaluate the claims at issue in Case No. D-202-CV-2015-04283 on behalf of Mrs. Gregoire, and did not treat Mrs. Gregoire's interests equal to its own.

49.     Throughout the handling of the claim against Mrs. Gregoire, USAA held its own interests as a priority over Mrs. Gregoire's interests by not timely investigating, evaluating, and paying Mr. Sanders' claims, by its unfounded refusal to sign the affidavit.  By failing to hold Mrs. Gregoire's interests equal to its own, USAA caused Mrs. Gregoire to be subjected to litigation and ultimately to a settlement in excess of her available policy limits. Because of USAA, Mrs. Gregoire had to pay $40,000 out of pocket to reach a settlement with Mr. Sanders.

50.     Pursuant to the partial assignment of claims between Mrs. Gregoire and Mr. Sanders, referred above, Mr. Sanders has the right to jointly prosecute claims and causes of action and collect damages that may have accrued on behalf of Mrs. Gregoire against USAA.

51.     In undertaking the wrongful acts described herein, USAA breached its duty of good faith and fair dealing, causing damages to Plaintiffs in an amount to be proven at trial, and warranting the imposition of punitive damages as established by the evidence and permitted by law.

## COUNT III
### Breach of Contract
### (Defendant USAA)

52.     Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

53.     By issuing the policy to Mrs. Gregoire, USAA entered into a contract with Mrs. Gregoire.

54.     USAA failed to perform and obscured its obligations under the express and implied provisions of the insurance contract.

55.     By engaging in the conduct alleged herein, USAA breached its contractual obligations to Mrs. Gregoire.

56.     USAA knew or reasonably should have known of its obligation to contractually perform under the insurance coverage and of Mrs. Gregoire's reasonable expectations regarding insurance coverage.

57.     Pursuant to the partial assignment of claims between Mrs. Gregoire and Mr. Sanders, referred to above, Mr. Sanders has the right to jointly prosecute claims and causes of action and collect damages that may have accrued on behalf of Mrs. Gregoire against USAA.

58.     USAA's breach of its contractual obligations to Mrs. Gregoire has damaged Plaintiffs in an amount to be proven at trial, and warranting the imposition of punitive damages as established by the evidence and permitted by law.

## COUNT IV
## Violation of the Trade Practices and Frauds Act and the Insurance Code
### (Defendant USAA)

59.     Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

60.     There was in effect at all times material a state statute commonly known in the Insurance Code as the Trade Practices and Frauds Act ("TPFA"), NMSA 1978, Sections 59A-16-1 through -30 (1984, as amended), including but not limited to NMSA 1978, Section 59A-16-20 (1997), subsections (B), (C), (D), (E), and (N) which prohibits the following unfair claims practices:

B. failing to acknowledge and act reasonably promptly upon communication with respect to claims from insureds arising under policies;

C. failing to adopt and implement reasonable standards for the prompt investigation and processing of insured's claims arising under policies;

D. failing to affirm or deny coverage of claims of insureds within a reasonable time after proof of loss requirements under the policy have been completed and submitted by the insured;

E. not attempting in good faith to effectuate prompt, fair and equitable settlements of an insured's claims in which liability has become reasonably clear;

N. failing to promptly provide an insured a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;

61.     The actions of USAA constitute unfair insurance claims practices, knowingly committed or performed with such frequency as to indicate a general business practice prohibited by Section 59A-16-20, including but not limited to subsections (B), (C), (D), (E), and (N).

62.     USAA knowingly and willfully, or with such frequency as to indicate its general business practice in this State, engaged in unfair insurance claims practices prohibited by NMSA 1978, Section 59A-5-26(C)(2)(a & b) (1997), where USAA:

(a)     have without just cause failed to pay, or delayed payment of, claims arising under its policies, whether the claim is in favor of an insured or in favor of a third person with respect to the liability of an insured to such third person; or

(b)     without just cause compels insureds or claimants to accept less than amount due them or to employ attorney or to bring suit against the insurer or such an insured to secure full payment or settlement of a claim.

63.     USAA owed Mrs. Gregoire a duty in handling and processing Mr. Sanders' insurance claim made against Mrs. Gregoire's insurance policy with USAA, to timely evaluate and investigate available coverage, and to provide the same in accordance with the policies and regulations of the Superintendent of Insurance and New Mexico law.

64.     USAA did not attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim made against Mrs. Gregoire's policy with USAA, in which liability had become reasonably clear and that forced Mr. Sanders to institute litigation in order receive the benefits of Mrs. Gregoire's liability coverage.

65.     USAA knew shortly after the collision, that on the date of the collision Mrs. Gregoire was (a) the only cause of the collision, (b) there was no issue of comparative fault, and (c) Mr. Sanders was seriously injured.

66.     USAA promised to fulfill all the common law, statutory, and contractual obligations and duties of a liability insurer in issuing the policy of liability coverage to Mrs. Gregoire.

67.     USAA agreed to provide defense counsel in the event that Mrs. Gregoire was sued related to a covered accident, and that the defense counsel hired by USAA would represent the interests of Mrs. Gregoire.

68.     Following the accident of April 16, 2014, USAA quickly became aware of the accident facts, injuries sustained by Mr. Sanders, and exposure of Mrs. Gregoire to judgment in excess of the available liability limits.

69.     Mrs. Gregoire's high level of exposure was based in part upon the extensive injuries suffered by Mr. Sanders.

70.     USAA failed to adequately and timely investigate coverage and damages, delayed payment on Mr. Sanders' claims where liability was reasonably clear, with no legitimate reason refused to sign the affidavit confirming it was not aware of any additional liability coverages, and forced Mr. Sanders to file suit in this matter that resulted in exposing Mrs. Gregoire to a risk of judgement in excess of her available policy limits. In order to avoid the risk of a substantial verdict in excess of available policy limits, to protect herself and her peace of mind, Mrs. Gregoire paid an additional $40,000 out of pocket and assigned Mr. Sanders 50% (fifty percent) of her rights and claims, for all cause of action she may have against USAA and/or its agents and employees, any of their affiliates, subsidiaries, parent companies, successors, assigns or other companies to reach a settlement of the underlying claims with Mr. Sanders.

71.     Pursuant to the partial assignment of claims between Mrs. Gregoire and Mr. Sanders, referred to above, Mr. Sanders has the right to jointly prosecute claims and causes of action and collect damages that may have accrued on behalf of Mrs. Gregoire against USAA.

72.     USAA's acts, omissions, policies and conduct in violating the New Mexico Trades Practices and Frauds Act, and the New Mexico Insurance Code, have damaged Plaintiffs in an amount to be proven at trial, warranting the imposition of punitive damages as established by the evidence and permitted by law.

**COUNT V**
**Violation of the Unfair Trade Practices Act**
**(Defendant USAA)**

73.     Plaintiffs incorporate by reference each and every allegation contained in all preceding paragraphs, as though fully set forth herein.

74.     There was in effect at all times material a state statute commonly known as the New Mexico Unfair Trade Practices Act ("UPA"), NMSA 1978, Sections 57-12-1 to -26 (1967, as amended), including but not limited to those subsections in Section 57-12-2(D)(5), (D)(7), (D)(14), (D)(15), (D)(17) and Section 57-12-2(E), which prohibits a person selling insurance from engaging in unfair or deceptive trade practices, which include:

> (5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that the person does not have;
>
> ...............
>
> (7) representing that the goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another;
>
> ...............
>
> (14) using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive;
>
> ...............
>
> (15) stating that a transaction involves rights, remedies or obligations that it does not involve;
>
> ...............
>
> (17) failure to deliver the quality or quantity of goods or services contracted for;
>
> and

E.  "unconscionable trade practice" means an act or practice in connection with the sale, lease, rental or loan, or in connection with the offering for sale, lease, rental or loan, of any goods or services, including services provided by licensed professionals, or in the extension of credit or in the collection of debts which to a person's detriment:

 (1)  takes advantage of the lack of knowledge, ability, experience or capacity of a person to a grossly unfair degree; or

 (2)  results in a gross disparity between the value received by a person and the price paid.

75. USAA misrepresented and failed to deliver the quality or quantity of services contracted for by failing to timely afford insurance benefits under the liability coverage of Mrs. Gregoire's policy, in which she is a first-party insured.

76. USAA misrepresented the characteristics of the coverage and services available for purchase by representing it would provide insurance coverage and insurance services compliant with New Mexico law.

77. USAA used ambiguity, exaggeration or innuendo as to material facts in the sale of coverage as to the terms and provisions of the policy during and after the sale, and failed to state material facts that in so doing tended to deceive.

78. USAA's wrongful conduct as described above, including misleading and misrepresenting that Defendant would timely investigate and settle the claim, failing to hold its interest equal to its insured's, and the failure to timely and properly resolve the claim against Mrs. Gregoire, which subjected her to a lawsuit and the risk of a large judgment to be entered against her, that would exceed policy limits, where liability was reasonably clear shortly after the collision at issue, constitutes both unfair and unconscionable practices as set forth in the UPA.

79. USAA, acting through its agents, adjusters, employees, and others working on its behalf, as set forth above, knowingly and willfully engaged in unfair trade practices prohibited under

Section 57-12-3, including but not limited to those subsections in Section 57-12-2(D)(5), (D)(7), (D)(14), (D)(15), (D)(17) and Section 57-12-2(E).

80.     Pursuant to the partial assignment of claims between Mrs. Gregoire and Mr. Sanders, referred to above, Mr. Sanders has the right to jointly prosecute claims and causes of action and collect damages that may have accrued on behalf of Mrs. Gregoire against Defendant USAA.

81.     USAA's practices as described herein have resulted in damages to Mrs. Gregoire in an amount to be proven at trial.

**WHEREFORE**, Plaintiffs pray for judgment as follows:

A.     Awarding compensatory damages to Plaintiffs for the damages done to them by Defendant in an amount to be proven at trial;

B.     Awarding punitive damages to Plaintiffs in an amount sufficient to punish Defendant for its reckless, willful, and wanton conduct, and to deter it, and others similarly situated, from such conduct in the future in an amount to be proven at trial;

C.     Awarding Plaintiffs damages from Defendant as a result of its violations of Article 16 of the New Mexico Insurance Code, in an amount to be determined at trial;

D.     Awarding treble damages in accordance with NMSA 1978, Section 57-12-10(B) (2005), and any and all damages permitted pursuant to NMSA 1978, Sections 57-12-1 to -26 (1967, as amended), which will deter Defendant and others from such unfair practices and wrongful conduct in the future and will punish them for the conduct set forth in this Complaint;

E.     Awarding pre- and post-judgment interest;

F.     Awarding Plaintiffs' costs and expenses, including attorneys' fees;

G.     Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF GEOFFREY R. ROMERO

*/s/ Geoffrey R. Romero*
Geoffrey R. Romero
Attorney for Plaintiffs
4801 All Saints Rd. NW
Albuquerque, NM  87120
P: (505) 247-3338
F: (505) 271-1539
Geoff_26_@hotmail.com

and

LAW OFFICES OF DAVID M. HOULISTON

*/s/ David M. Houliston*
David M. Houliston
Attorney for Plaintiffs
7500 Jefferson St. NE, Ste. 106
Albuquerque, NM 87109
P: (505) 247-1223
F: (505) 214-5204
David@houlistonlaw.com

**FILED**
**2nd JUDICIAL DISTRICT COURT**
**Bernalillo County**
**8/19/2019 3:00 PM**
**James A. Noel**
**CLERK OF THE COURT**
**Patricia Serna**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**STEVEN SANDERS**
**and ARLINE GREGOIRE,**

      **Plaintiffs,**

**v.**               **Case No.** ___D-202-CV-2019-06542___

**USAA CASUALTY INSURANCE COMPANY,**

      **Defendant.**

## COURT-ANNEXED ARBITRATION CERTIFICATION

**COME NOW** Plaintiffs, by and through their attorneys of record, pursuant to Second Judicial District Local Rules, Rule LR2-603, and certifies as follows:

(_)     No party seeks anything other than a money judgment and the amount sought does not exceed Twenty-Five Thousand Dollars ($25,000.00) exclusive of interests, costs and attorney fees.

(X)     The parties seek relief other than a money judgment and/or seek relief in excess of Twenty-Five Thousand Dollars ($25,000.00) exclusive of punitive damages, interests, costs and attorney fees.

                   **Respectfully submitted,**

                   **LAW OFFICES OF GEOFFREY R. ROMERO**

                   */s/ Geoffrey R. Romero*_____
                   Geoffrey R. Romero
                   Attorney for Plaintiffs
                   4801 All Saints Rd. NW
                   Albuquerque, NM  87120
                   P: (505) 247-3338
                   F: (505) 271-1539
                   Geoff_26_@hotmail.com

                   and

LAW OFFICES OF DAVID M. HOULISTON

*/s/ David M. Houliston*
David M. Houliston
Attorney for Plaintiffs
7500 Jefferson St. NE, Ste. 106
Albuquerque, NM 87109
P: (505) 247-1223
F: (505) 214-5204
David@houlistonlaw.com

I certify that I attached a copy of this
Court-Annexed Arbitration Certification
to the Complaint for service upon Defendant.

*/s/ Geoffrey R. Romero*
**Geoffrey R. Romero, Esq.**

**FILED**
**2nd JUDICIAL DISTRICT COURT**
**Bernalillo County**
**8/19/2019 3:00 PM**
**James A. Noel**
**CLERK OF THE COURT**
**Patricia Serna**

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT COURT**

**STEVEN SANDERS**
**and ARLINE GREGOIRE,**

     **Plaintiffs,**

**v.**                      **Case No.** ___D-202-CV-2019-06542___

**USAA CASUALTY INSURANCE COMPANY**

     **Defendant.**

## JURY DEMAND

     **COME NOW** Plaintiffs, by and through their attorneys of record, and demand a trial by jury consisting of twelve (12) members, and the jury fee in the amount of $300.00 is tendered herewith**.**

                              Respectfully submitted,

                              LAW OFFICES OF GEOFFREY R. ROMERO

                              */s/ Geoffrey R. Romero*
                              Geoffrey R. Romero
                              Attorney for Plaintiff
                              4801 All Saints Rd. NW
                              Albuquerque, NM  87120
                              P: (505) 247-3338
                              F: (505) 271-1539
                              Geoff_26_@hotmail.com

                              and

                              LAW OFFICES OF DAVID M. HOULISTON

                              David M. Houliston
                              7500 Jefferson St. NE, Ste. 106
                              Albuquerque, NM 87109
                              P: (505) 247-1223
                              F: (505) 214-5204
                              David@houlistonlaw.com

I certify that I attached a copy of this
Jury Demand to the Complaint for
service upon Defendant.

*/s/ Geoffrey R. Romero*
**Geoffrey R. Romero, Esq.**

FILED
2nd JUDICIAL DISTRICT COURT
Bernalillo County
9/3/2019 3:58 PM
James A. Noel
CLERK OF THE COURT
Thomas Wilson

| SUMMONS | |
|---|---|
| Second Judicial District Court<br>Bernallillo County, New Mexico<br><br>Court Address:<br>Post Office Box 488/400 Lomas Blvd. NW<br>Albuquerque, New Mexico 87103/87102<br>Court Telephone No.: (505) 841-7451 | Case Number:<br>D-202-CV-2019-06542<br><br>Assigned Judge:<br>Joshua Andrew Allison |
| Plaintiff(s): Steven Sanders and Arline Gregoire<br><br>v.<br><br>USAA Casualty Insurance Company | Defendant:<br>USAA Casualty Insurance Company<br>c/o Office of the Superintendent of Insurance<br>1120 Paseo de Peralta<br>Santa Fe, NM 87501 |

### TO THE ABOVE-NAMED DEFENDANT(S): Take notice that

1.      A lawsuit has been filed against you.  A copy of the lawsuit is attached.  The Court issued this Summons.

2.      You must respond to this lawsuit in writing.  You must file your written response with the Court no later than thirty (30) days from the date you are served with this Summons.  (The date you are considered served with the Summons is determined by Rule 1-004 NMRA) The Court's address is listed above.

3.      You must file (in person or by mail) your written response with the Court.  When you file your response, you must give or mail a copy to the person who signed the lawsuit.

4.      If you do not respond in writing, the Court may enter judgment against you as requested in the lawsuit.

5.      You are entitled to a jury trial in most types of lawsuits.  To ask for a jury trial, you must request one in writing and pay a jury fee.

6.      If you need an interpreter, you must ask for one in writing.

7.      You may wish to consult a lawyer.  You may contact the State Bar of New Mexico for help finding a lawyer at www.nmbar.org; 1-800-876-6657; or 1-505-797-6066.

Dated at Albuquerque, New Mexico, this _____ day of _8/20/2019_____ , 2019.



JAMES A. NOEL
CLERK OF THE DISTRICT COURT

By: _____
Patricia Serna. Deputy

/s/Geoffrey R. Romero, Attorney at Law
Signature of Attorney for Plaintiff
Name:           Geoffrey R. Romero
Address:        4801 All Saints Road NW
Telephone No.:  505-247-3338
Email Address:  geoff_26_@hotmail.com

THIS SUMMONS IS ISSUED PURSUANT TO RULE 1-004 OF THE NEW MEXICO RULES OF CIVIL PROCEDURE FOR DISTRICT COURTS.

**RETURN**

STATE OF NEW MEXICO          )
                             )ss.
COUNTY OF Bernalillo         )

I, being duly sworn, on oath, state that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served this summons in Santa Fe _____ county on the 26th day of August_____ ,2019 , by delivering copies of this Summons, Complaint, Jury Demand, Court Annexed Arbitration Certification, First Requests for Admissions, First Set of Interrogatories and First Requests for Production attached, in the following manner:

**(Check one box and fill in appropriate blanks)**

[ ]   to the defendant _____ (*used when defendant accepts* Summons, Complaint, Jury Demand, Court Annexed Arbitration Certification, First Requests for Admissions, First Set of Interrogatories and First Requests for Production *or refuses to accept* Summons, Complaint, Jury Demand, Court Annexed Arbitration Certification, First Requests for Admissions, First Set of Interrogatories and First Requests for Production [ ]   to the defendant by [mail] [courier service] as provided by Rule 1-004 NMRA (*used when service is by mail or commercial courier service*).

After attempting to serve the summons and complaint and copies of Jury Demand, Court Annexed Arbitration Certification, First Requests for Admissions, First Set of Interrogatories and First Requests for Production on the defendant by personal service or by mail or commercial courier service, by delivering copies of Summons, Complaint, Jury Demand, First Requests for Admissions, First Set of Interrogatories and First Requests for Production attached, in the following manner:

[ ]   to_____, a person over fifteen (15) years of age and residing at the usual place of abode of defendant _____, (*used when the defendant is not presently at place of abode*) and by mailing by first class mail to the defendant at _____ (*insert defendant's last known mailing address*) copies of Summons, Complaint, Jury Demand, Court Annexed Arbitration Certification, First Requests for Admissions, First Set of Interrogatories and First Requests for Production.
[ ]   to_____, the person apparently in charge at the actual place of business or employment of the defendant and by mailing by first class mail to the defendant at _____ (*insert defendant's business address*) copies of Summons, Complaint, Jury Demand, Court Annexed Arbitration Certification, First Requests for Admissions, First Set of Interrogatories and First Requests for Production.

[✓]   to OSI - Kourtnie Polanco_____, an agent authorized to receive service of process for defendant USAA Casualty INS. Company

[ ]   to_____, [parent] [guardian] [custodian] [conservator] [guardian ad litem] of defendant _____ (*used when defendant is a minor or an*

*incompetent person).*

[ ]      to _____ (*name of person*), _____,
(*title of person authorized to receive service. Use this alternative when the defendant is a corporation or an association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision*).

Fees: $_____

*Andrew J Sanchez*
Signature of person making service

*Process Server*
Title (*if any*)

Subscribed and sworn to before me this 26th day of August , 2019 [2]

Judge, Notary Public or other Officer
authorized to administer oaths

_____
Official title

My Commission Expires: 1/23/2020

**Official Seal**
KATRINA D. MOBLEY
Notary Public
State of New Mexico
My Commission Expires 1/23/2020

## USE NOTE

1.      Unless otherwise ordered by the court, this return is not to be filed with the court prior to service of the summons and complaint on the defendant.
2.      If service is made by the sheriff or a deputy sheriff of a New Mexico county, the signature of the sheriff or deputy sheriff need not be notarized.

[Adopted effective August 1, 1988; as amended by Supreme Court Order 05-8300-01, effective March 1, 2005; by Supreme Court Order 07-8300-16, effective August 1, 2007; by Supreme Court Order No. 12-8300-026, effective for all cases filed or pending on or after January 7, 2013.]

# STATE OF NEW MEXICO
# OFFICE OF THE SUPERINTENDENT OF INSURANCE

## CERTIFICATE

**FILED**
**2nd JUDICIAL DISTRICT COURT**
**Bernalillo County**
**9/6/2019 9:07 AM**
**James A. Noel**
**CLERK OF THE COURT**
**Latoya Grayes**

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

STEVEN SANDERS AND ARLINE GREGOIRE
*Plaintiff,*

v.                                                      No. D-202-CV-2019-06542

USAA CASUALTY INSURANCE COMPANY
Defendants,

### ACCEPTANCE OF SERVICE

I, John G. Franchini, Superintendent of Insurance of the State of New Mexico, do hereby certify that a copy of a Summons, Complaint for Insurance Bad Faith, For Breach of The New Mexico Insurance Code, Breach of the Unfair Trade Practices Act, Breach of the Trade Practices and Frauds Act, Breach of Contractual Duties, Court Annexed Arbitration Certification, and Jury Deman was served on USAA Casualty Insurance Company on 8/26/2019 as provided in Section 59A-5-31 and 59A-5-32 NMSA 1978, and was received by said company on 9/4/2019 confirmed by Postmaster return receipt.



In Witness Whereof, I have hereunto set my *official seal* on September 4, 2019.

Superintendent of Insurance

26891