IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN SANDERS and
ARLINE GREGOIRE,

    Plaintiffs,

v.                                                                                                           No. 19-cv-0895 MV/SMV

USAA CASUALTY INSURANCE COMPANY,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION TO DENY PLAINTIFFS' MOTION FOR REMAND

THIS MATTER is before me on Plaintiffs' Motion for Remand and Memorandum in Support [Doc. 7], filed on October 7, 2019. Defendant responded on October 17, 2019. [Doc. 10]. Plaintiffs never replied, and the time for doing so has passed. The Honorable Martha Vázquez, United States District Judge, referred this Motion to me for analysis and a recommended disposition. [Doc. 15]. I have considered the briefing, the relevant portions of the record, and the relevant law. Being otherwise fully advised in the premises, I recommend that the Motion be DENIED.

### BACKGROUND

This case arises from a car accident and the resulting actions of Plaintiff Arline Gregoire's insurance company, United Services Automobile Association Casualty Insurance Company ("USAA CIC" or Defendant). *See* [Doc. 1-1] at 7. USAA CIC is a wholly owned subsidiary of United Services Automobile Association ("USAA"). [Doc. 6] at 1. On April 16, 2014, Gregoire's car collided with a motorcycle operated by Plaintiff Steven Sanders, who

suffered various injuries as a result of the crash. *Id.* Sanders attempted to settle his claim against Gregoire, but his efforts failed after Defendant declined to execute an affidavit confirming that no additional liability coverage existed to compensate Sanders for his injuries. *Id.* at 7–8. Sanders therefore sued Gregoire in May of 2015. *Id.* at 6–8. Sanders and Gregoire later settled their lawsuit. *Id.* at 9. As a part of the settlement agreement, Gregoire assigned to Sanders 50% of her rights to pursue extra-contractual claims against Defendant for its failure to execute the affidavit. *Id.* at 9–10.

On August 19, 2019, Gregoire and Sanders sued USAA CIC, and only USAA CIC, alleging various state-law claims. *Id.* at 10–18. On September 25, 2019, Defendant removed the case to federal court on the basis of diversity jurisdiction. [Doc. 1] at 3–4. Defendant asserts that it is a citizen of Texas, *id.* at 3, Plaintiffs are citizens of New Mexico, *see id.*, and the amount in controversy exceeds $75,000, *id.* at 3–4. Plaintiffs filed the instant Motion for Remand on October 7, 2019, arguing that diversity jurisdiction does not exist because Defendant is a citizen of all 50 States. [Doc. 7] at 1.

**LEGAL STANDARD**

The removing party bears the burden of establishing that subject-matter jurisdiction exists. *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005). Additionally, the district court must be satisfied that, indeed, it has subject-matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject-matter jurisdiction cannot be waived and thus may be raised by the parties or the court sua sponte at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

## DISCUSSION

Federal district courts have original jurisdiction of all civil actions between citizens of different States where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a) (2018). Because federal courts are courts of limited jurisdiction, "[r]emoval statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).

Determining the citizenship of a corporation is different from determining the citizenship of an unincorporated association under § 1332. A corporation is deemed to be a citizen of the State(s) in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). An unincorporated association, on the other hand, is deemed to be a citizen of every State of which its members are citizens. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905–06 (10th Cir. 2015); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015).

Plaintiffs are citizens of New Mexico. [Doc. 7] at 4. They claim that Defendant is an unincorporated association and thus deemed a citizen of every State of which its members are citizens. *Id.* at 1. They argue further that Defendant's members include citizens from every State, including New Mexico, thereby defeating diversity jurisdiction. *Id.* at 4.

Plaintiffs misconceive USAA CIC's corporate status. They cite cases suggesting that *USAA* is an unincorporated association, *see id.* at 2–3, but USAA is not a defendant in this action; USAA CIC is the Defendant. [Doc. 1-1] at 6. USAA CIC is not an unincorporated association; it is a corporation. [Doc. 10-1] at 1–2. USAA CIC "is a wholly owned subsidiary of

3

[USAA]," [Doc. 6] at 1, and the two business entities are distinct. None of the evidence cited by Plaintiffs challenges this distinction. Though Plaintiffs cite a 2009 affidavit from an assistant vice president at USAA claiming that *USAA* is an unincorporated association, the affidavit does not mention USAA CIC, and the case in which the affidavit was filed involved only USAA, not USAA CIC. *See* [Doc. 7-1] at 1. Plaintiffs attach a report on the USAA Insurance Group, but the report appears to list USAA and USAA CIC as two separate entities. *See* [Doc. 7-2] at 6–7. Thus, I will treat USAA CIC as a corporation for diversity purposes.

USAA CIC was incorporated in Texas and has its principal place of business in Texas. [Doc. 6] at 1; [Doc. 10-1] at 1–2. Therefore, it is a citizen of Texas. *See Grynberg*, 805 F.3d at 905. The parties do not dispute that Plaintiffs are citizens of States other than Texas. *See* [Doc. 1] at 3; [Doc. 7] at 4; [Doc. 10] at 7. Neither do the parties dispute that the amount in controversy exceeds $75,000. *See* [Doc. 1] at 3–4; [Doc. 7]. I therefore recommend finding that diversity jurisdiction exists and denying Plaintiffs' Motion. Because I recommend denying Plaintiffs' Motion, I also recommend denying their request for fees, costs, and sanctions. *See* [Doc. 7] at 4.

Defendant requests that the Court award it its attorneys' fees incurred in responding to the Motion. [Doc. 10] at 9. It argues that Plaintiffs' counsel made no attempt to confer in good faith with defense counsel before filing the Motion, as required by Local Rule 7.1(a). *Id.* at 7. Had they done so, Defendant argues, its counsel would have corrected Plaintiffs' misconception about its State of citizenship, thus averting the filing of the Motion. *Id.* at 7–9. Defendant also argues that Plaintiffs' Motion is frivolous because Plaintiffs could have easily determined the accuracy of Defendant's citizenship allegations by researching publicly available information.

*Id.* at 8. Defendant seeks sanctions against Plaintiffs under the Court's inherent authority and against Plaintiffs' counsel under 28 U.S.C. § 1927. *Id.* at 8–9. Plaintiffs failed to file a reply, apparently conceding the point. Because I recommend awarding Defendant its reasonable attorneys' fees under § 1927, I need not reach whether the Court should sanction Plaintiffs under its inherent authority.

Section 1927 provides that an "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (2018). A court may award fees under § 1927 against attorneys whose conduct, "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Hamilton v. Boise Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987) (en banc)). An award of fees under § 1927 "does not require a finding of bad faith." *Id.*

I recommend that the Court sanction Plaintiffs' counsel under § 1927 for filing this frivolous Motion. As Defendant argues, USAA is not a party to this action, a fact made obvious by glancing at the caption of the Complaint. Simply skimming the docket would have led Plaintiffs' counsel to USAA CIC's corporate disclosure statement which further clarifies that USAA CIC is an entity distinct from USAA. *See* [Doc. 6]. Plaintiffs' counsel ignored or recklessly disregarded their duties to the Court by failing to perform the bare minimum research needed to discover the difference between USAA CIC and USAA. *See Flynn v. City of Las Cruces*, No. 15-cv-0195 KG/WPL, 2016 WL 10565474, at *3 (D.N.M. May 31, 2016) ("Because

Plaintiffs cannot produce facts or law to support their motion, they have frivolously, unreasonably[,] and vexatiously multiplied the proceedings in this case.").

Plaintiffs' counsel's failure to confer with opposing counsel prior to filing the Motion under Local Rule 7.1(a) further weighs in favor of awarding Defendant its attorneys' fees. Local Rule 7.1(a) requires an attorney to confer with opposing counsel in good faith before filing a motion, the objective being to avert the filing of frivolous or misguided motions. *See* D.N.M.LR-Civ. 7.1(a); *Hooten v. Ikard Servi Gas*, 525 F. App'x 663, 667 (10th Cir. 2013). Had Plaintiffs' counsel conferred with defense counsel prior to filing the instant Motion, defense counsel certainly would have corrected their misconception about USAA CIC's corporate status, and Plaintiffs likely would have abstained from filing the Motion. In this instance, the violation of a local rule—especially one designed to prevent the type of frivolous and meritless filing that occurred here—objectively manifests a reckless disregard of Plaintiffs' counsel's duties to the Court. *See Ortega v. N.M. Legal Aid, Inc.*, No. 18-cv-0111 MV/KK, 2019 WL 3936834, at *2–3 (D.N.M. Aug. 20, 2019) (imposing sanctions under § 1927 because an attorney filed an untimely and meritless motion and failed to follow Local Rule 7.1); *McCoy v. Ltd. Driving Sch., Inc.*, No. 15-cv-0639 MCA/LAM, 2017 WL 3610552, at *2–4 (D.N.M. Feb. 21, 2017) (sanctioning an attorney under § 1927 for failing to confer with opposing counsel before filing a motion to strike that lacked a legal basis); *Coumerilh v. Tricam Indus., Inc.*, No. 05-cv-02510-MEH-CBS, 2007 WL 437620, at *5 (D. Colo. Feb. 5, 2007) (sanctioning an attorney under § 1927, noting that had "Defendants conferred or attempted to confer prior to the filing of these motions, they would have learned that the matters . . . could have at least been partially resolved without resort to the Court.").

I therefore recommend that the Court sanction Plaintiffs' counsel by awarding Defendant its reasonable attorneys' fees incurred in responding to Plaintiffs' Motion, pursuant to 28 U.S.C. § 1927.

## CONCLUSION

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiffs' Motion for Remand and Memorandum in Support [Doc. 7] be **DENIED**.

**IT IS FURTHER RESPECTFULLY RECOMMENDED** that Plaintiffs' counsel be ordered to pay Defendant its reasonable attorneys' fees incurred in responding to Plaintiffs' Motion.[1]

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[1] If Judge Vázquez adopts my recommendation, Defendant should be granted leave to file an affidavit detailing its reasonable attorneys' fees no later than **ten days after adoption of this Proposed Findings and Recommended Disposition**. Plaintiffs should be allowed to object to the amount or reasonableness of the fees no later than **ten days after defense counsel files her affidavit**.