# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STEVEN SANDERS and
ARLINE GREGOIRE,

      Plaintiffs,

v.                                          **No. 19-cv-0895 KWR/SMV**

USAA CASUALTY INSURANCE COMPANY,

      Defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Plaintiffs' Motion for Remand and Memorandum in Support (hereinafter, the "Motion for Remand" or "Motion"), filed October 7, 2019, **(Doc. 7)**, and the magistrate judge's Proposed Findings and Recommended Disposition to Deny Plaintiffs' Motion for Remand (hereinafter, the "PF&RD"), filed November 21, 2019, **(Doc. 16)**. Having reviewed the PF&RD, the parties' briefs, the objections, and the applicable law, the Court **ADOPTS** the magistrate judge's PF&RD. The Court hereby finds that Plaintiffs' Motion is not well-taken and, therefore, is **DENIED**.

## BACKGROUND

On April 16, 2014 Plaintiff Gregoire's car collided with Plaintiff Sanders' motorcycle. **(Doc. 1-1, p. 7).** Sanders attempted to settle his potential claim against Gregoire, but Gregoire's insurer, Defendant United States Automobile Association Casualty Insurance Company (hereinafter, "USAA CIC"), allegedly thwarted these efforts when it declined to execute an affidavit necessary to settlement. *See id.*, **pp. 7–8.** As Sanders and Gregoire could not settle the potential claim, Sanders sued Gregoire. *Id.*, **pp. 6–8.** Sanders and Gregoire later settled that

lawsuit. *Id.*, **p. 9.** As part of the settlement agreement, Gregoire assigned to Sanders 50% of her rights to pursue extra-contractual claims against Defendant for its failure to execute the affidavit. *Id.*, **pp. 9–10.**

On August 19, 2019, Plaintiffs sued USAA CIC in New Mexico state court. **Doc. 1-1.** They sued no other defendant. *See id.* They asserted numerous state-law claims related to the failure to execute the affidavit. *See id.*, **pp. 10–18.** USAA CIC removed this action to federal court on September 25, 2019. **(Doc. 1, p. 1).** It alleged that this Court has subject-matter jurisdiction over this action because diversity of citizenship exists and the amount in controversy exceeds $75,000. *Id.*, **pp. 3–4.** It alleged that it is a citizen of Texas and Plaintiffs are citizens of New Mexico.[1] *Id.*, **p. 3.**

Plaintiffs moved to remand on October 7, 2019. **(Doc. 7).** They did not seek defense counsel's concurrence before filing this Motion. They argue that diversity of citizenship does not exist because the entity United States Automobile Association (hereinafter, "USAA") "is not a corporation"; it "is an unincorporated association" with "members located within all 50 [S]tates." *Id.*, **p. 1.** Plaintiffs request that the Court remand the case and sanction Defendant for misrepresenting its citizenship. *Id.*, **pp. 4–5.** USAA CIC argues that it is a corporation and that Plaintiffs mistakenly argued otherwise based on evidence showing that USAA—not USAA CIC—is an unincorporated association. **(Doc. 10, pp. 1–3).** Because USAA is not a defendant, USAA CIC requests that the Court deny the Motion for Remand. *Id.* USAA CIC also requests that the Court sanction Plaintiffs' counsel under 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings. *Id.*, **pp. 7–9.** Plaintiffs never replied.

---

[1] Plaintiffs later clarified that at the time they filed the Complaint they were citizens of New Mexico and Arizona. **(Doc. 25, p. 2).**

The Honorable Martha Vázquez, United States District Judge, at the time operating as the presiding judge, referred the Motion to the Honorable Stephan M. Vidmar, United States Magistrate Judge, on November 14, 2019. **(Doc. 15).** Judge Vidmar entered his PF&RD on November 21, 2019. **Doc. 16.** He recommends that the Court deny the Motion for Remand because complete diversity exists. *Id.*, **pp. 3–4.** He recommends finding that USAA CIC is a citizen of Texas and Plaintiffs are citizens of New Mexico and Arizona. *See id.* He also recommends ordering Plaintiffs' counsel to pay Defendant's reasonable attorneys' fees under § 1927 because (1) they failed to ascertain the difference between USAA and USAA CIC, and (2) they failed to confer with defense counsel prior to filing the Motion for Remand. *Id.*, **pp. 4–7.** The case was transferred from Judge Vázquez to the undersigned on January 6, 2020. [Doc. 24].

Plaintiffs timely objected to the PF&RD on December 5, 2019. **(Doc. 20).** Defendant responded on December 19, 2019. **(Doc. 21).** Plaintiffs replied[2] on January 2, 2020. **(Doc. 23).**

## DISCUSSION

Plaintiffs object to Judge Vidmar's PF&RD to deny their Motion and award sanctions under Federal Rule of Civil Procedure 72(a). *Id.*, **p. 1.** Rule 72(a) permits a party to file objections to a magistrate judge's non-dispositive order within 14 days after service of the order. Fed. R. Civ. P. 72(a). Under Rule 72(a), a district judge must "modify or set aside any part of the [PF&RD] that is clearly erroneous or is contrary to law." *Id.* "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v.*

---

[2] The Court is not convinced that Fed. R. Civ. P. 72(a) permits an objecting party to file a reply in support of its objections to a PF&RD. *See Heuser v. Wood*, No. 99-cv-0884 JP/LFG, 2000 WL 36739825, at *7 (D.N.M. June 6, 2000). Nonetheless, because the Court would overrule Plaintiffs' objections even upon considering their Reply, the Court will not strike the Reply.

*Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  Though Rule 72(a) does not hamstring a district judge into adopting a magistrate judge's non-dispositive recommendation, "it is extremely difficult to justify alteration of the magistrate judge's non-dispositive actions by the district judge." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 464 (D.N.M. 2018) (quoting Charles Alan Wright et al., 12 Federal Practice & Proc. § 3069 (4th ed. 2018)); *see Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988) ("To be clearly erroneous, a decision must strike [the Court] as more than just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.").

## I.      **Judge Vidmar properly determined that complete diversity exists.**

Plaintiffs object to Judge Vidmar's recommendation that the Court deny remand on three grounds.  First, they argue that USAA CIC did not meet its burden to show that its principal place of business is in Texas.  **Doc. 20, pp. 1–2.**  Next, they argue that USAA CIC has not "met its burden to establish that [it] is a separate corporate entity from USAA."  **Doc. 23, p. 2.**  Third, they argue that USAA CIC has not met its burden to establish that diversity jurisdiction exists because it "has not even made a showing that it is the proper party to this action."  *Id.*, **p. 4.**  Plaintiffs have seemingly abandoned the primary argument in their Motion for Remand: that complete diversity does not exist because Defendant is a citizen of all 50 States.  *See* **Doc. 7, p. 4.**  The Court overrules each objection.

Defendants removed this case to federal court on the basis of diversity jurisdiction.  **Doc. 1, pp. 3–4.**  Diversity jurisdiction exists when the action is between citizens of different States and the amount in controversy in excess of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a) (2018).  "Removal statutes are to be strictly construed, and all doubts are to be

resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The removing party has the burden to show that removal was properly accomplished." *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D. Kan. 1997).

Determining the citizenship of an unincorporated association is different than determining the citizenship of a corporation. A corporation is deemed to be a citizen of the State(s) in which it is incorporated and in which it maintains its principal place of business. § 1332(c). An unincorporated association, on the other hand, is deemed to be a citizen of every State of which its members are citizens. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905–06 (10th Cir. 2015); *see Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015).

At the time they filed the Complaint, Plaintiffs were citizens of New Mexico and Arizona. **(Doc. 25, p. 2).** According to its Amended Corporate Disclosure Statement, USAA CIC is a corporation. **(Doc. 6, p. 1).** Its citizenship is determined by its State(s) of incorporation and principal place of business. *See* § 1332(c). USAA CIC is incorporated in Texas. **Doc. 10-1, p. 2.** Therefore, diversity exists unless its principal place of business is in either New Mexico or Arizona.

USAA CIC has met its burden to show that its principal place of business is in Texas; complete diversity therefore exists. A corporation's principal place of business exists in "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010). A USAA executive named Jeffrey Collignon

avers that "USAA CIC's officers direct, control, and coordinate all of USAA CIC's activities from its corporate headquarters [in] . . . San Antonio," Texas. **Doc. 10-1, p. 2.** This affidavit constitutes competent evidence of USAA CIC's principal place of business, and Plaintiffs present no evidence to the contrary. As Plaintiffs do not contest that the amount in controversy exceeds $75,000, Judge Vidmar correctly found that diversity jurisdiction exists.

Plaintiffs argue that based on an unpublished case from the District of Colorado, USAA CIC must offer "evidence of the nature of its operations and its separateness from USAA." **Doc. 23, p. 3** (citing *Fymbo v. USAA Cas. Ins. Co.*, No. 14-cv-02955-JLK, 2015 WL 514739, at *2 (D. Colo. Feb. 6, 2015)). Plaintiffs never included this argument in the briefing before Judge Vidmar. The Court overrules this objection. Collignon's affidavit constitutes evidence that USAA CIC's officers control the company's activities from Texas. *See* **Doc. 10-1, p. 2.** Additionally, in *Fymbo*, the plaintiff disputed USAA CIC's principal place of business. *See Fymbo*, 2015 WL 514739, at *2. Yet, in response, the defendant offered no evidence of the nature of its operations in Texas; it simply argued that records listed its "principal street address" in San Antonio. *Id.* Conversely, here, USAA CIC *has* submitted evidence indicating where it controls its operations—Collignon's affidavit. Unlike *Fymbo*, Plaintiffs offer no evidence suggesting that USAA CIC's principal place of business is outside Texas. The Court has no definite and firm conviction that Judge Vidmar erred.

The Court overrules Plaintiffs' remaining objections. They argue that USAA CIC has not established that it is a separate corporate entity from USAA, **Doc. 23, p. 2**, but Collignon avers that USAA CIC is a wholly owned subsidiary of USAA, **Doc. 10-1, p. 2**, and USAA CIC's Amended Corporate Disclosure Statement confirms that it "is a wholly owned subsidiary of [USAA]," **Doc. 6, p. 1**. Because it is a wholly owned subsidiary of USAA, the Court will not, as

Plaintiffs seem to request, impute the citizenship of USAA onto USAA CIC. Though Plaintiffs object that USAA CIC has not "made a showing that it is the proper party to this action," **Doc. 23, p. 4**, USAA CIC need not show that it is the "proper party." *Plaintiffs* are the ones who named USAA CIC as the Defendant. Plaintiffs' objections are overruled, and the Court adopts Judge Vidmar's recommendation to deny their Motion for Remand.

**II.     The Court awards Defendant its reasonable attorneys' fees under 28 U.S.C. § 1927 because Plaintiffs' counsel unreasonably and vexatiously multiplied the proceedings.**

Plaintiffs' counsel object to Judge Vidmar's recommendation that the Court sanction them under § 1927. First, they argue that because certain documents interchangeably refer to Defendant as "USAA CIC" and "USAA," "there is fair reason for confusion of [the] parties" and they reasonably sued USAA CIC. *Id.* They contend that they "conducted a good[-]faith search in effort to properly identify [the] correct Defendants in this matter." *Id.*, p. 5. Second, Plaintiffs "now understand the properly named Defendants are *both* USAA and USAA CIC and will seek to file an amended complaint." *Id.* **(emphasis added).** They argue that "the need to amend the [C]omplaint is not an indication of bad faith." *Id.*, p. 6. Plaintiffs' counsel do not contest that they did not seek defense counsel's concurrence before filing the Motion for Remand. The Court overrules each objection.

An attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (2018). A court may sanction an attorney under § 1927 when the attorney's conduct, "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Hamilton v. Boise*

7

*Cascade Express*, 519 F.3d 1197, 1202 (10th Cir. 2008) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1512 (10th Cir. 1987 (en banc)).

Plaintiffs' counsel argue that they were confused over Defendant's corporate status. Apparently, they believed that Defendant was an unincorporated association and filed the Motion based on that mistaken belief. ***See* Doc. 23, p. 5.** Yet, even if "there [had been] fair reason for confusion," ***id.*, p. 4**, over whether Plaintiffs had sued an unincorporated association or a corporation, such confusion only magnifies the need to confer with defense counsel before filing the Motion for Remand. Local Rule 7.1(a) requires a party to make "a good-faith request for concurrence" before filing a motion.[3] D.N.M.LR-Civ. 7.1(a). It encourages parties to work together to prevent the filing of a needless motion based on—as here—confusion over the motion's basic premise. Local Rule 7.1(a) thereby helps narrow the scope of briefing to the most important issues, promoting judicial efficiency and improving the quality of the briefs. *See Hooten v. Ikard Servi Gas*, 535 F. App'x 663, 667 (10th Cir. 2013); *N.M. ex rel. Balderas v. Valley Meat Co., LLC*, No. 14-cv-1100 JB/KBM, 2015 WL 3544288, at *20 (D.N.M. May 20, 2015) (holding that Local Rule 7.1(a) is "not meant to be perfunctorily satisfied. It is designed to encourage parties to contact each other . . . and work out mutually agreeable solutions" to issues). Had Plaintiffs' counsel sought defense counsel's concurrence before filing the Motion, they would have realized that their alleged "reasonable belief," [Doc. 23] at 5, about the citizenship of USAA CIC was based on a fundamental misconception. Instead of taking this

---

[3] Plaintiffs' counsel argue that Local Rule 7.1(a) simply requires a party to obtain the opposing party's position. **Doc. 20, p. 3.** They then conclude that because Defendant removed the case, it obviously would have opposed the Motion for Remand. *See id.* They believe that when they can easily infer that opposing counsel would oppose a motion, they need not confer prior to its filing. *See id.* The text of Local Rule 7.1(a) and precedent within the Tenth Circuit clearly require counsel to confer before filing *any* motion, regardless of what a party may infer. *See* D.N.M.LR-Civ. 7.1(a) (requiring the movant to recite "a good-faith request for concurrence" in its motion); *Hooten v. Ikard Servi Gas*, 525 F. App'x 663, 667 (10th Cir. 2013); *Ortega v. N.M. Legal Aid, Inc.*, No. 18-cv-0111 MV/KK, 2019 WL 3936834, at *2 (D.N.M. Aug. 29, 2019).

simple—and mandatory—step, Plaintiffs' counsel chose to file a meritless Motion. Their failure to confer with opposing counsel prior to filing the Motion thereby wasted judicial resources.

Additionally, had Plaintiffs' counsel simply read the docket, USAA CIC's status as a corporation should have been clear to them. The caption of Plaintiffs' own Complaint and USAA CIC's Amended Corporate Disclosure Statement demonstrate that Plaintiffs sued USAA CIC (not USAA) and that USAA CIC was a corporation. *See* **Doc. 1-1, p. 6; Doc. 6, p. 1.** Had Plaintiffs' counsel read these two documents, the difference between USAA and USAA CIC should have been apparent to them.[4]

Plaintiffs' counsel needlessly multiplied proceedings by filing the instant Motion. They violated the local rule designed to remedy their confusion and prevent the type of meritless filing that occurred. They ignored or recklessly disregarded their duties to the Court by failing to ascertain the difference between USAA CIC and USAA. The Court has no definite and firm conviction that Judge Vidmar erred by sanctioning Plaintiffs' counsel under § 1927.

Plaintiffs' counsel next argue that they did not file the Motion in bad faith because they mistakenly sued USAA CIC, while they now realize that they should have sued both USAA CIC and USAA. **Doc. 20, p. 3.** They intend to move for leave to file an amended complaint naming both USAA and USAA CIC as Defendants,[5] allegedly destroying diversity jurisdiction. *Id.* They contend that "the need to amend the [C]omplaint is not an indication of bad faith." **Doc. 23, p. 6.** The Court overrules this objection. Judge Vidmar did not recommend finding that Plaintiffs filed the Motion in bad faith, and an award of fees under § 1927 does not require a finding of bad faith. *Hamilton*, 519 F.3d at 1202.

---

[4] And had they conferred with defense counsel prior to filing the Motion, defense counsel likely would have directed them to these documents.

[5] Plaintiffs have not yet taken any action to effectuate an amendment to the Complaint—despite stating in the Objections, filed approximately two months ago, that they were on notice that they allegedly needed to amend it.

More importantly, the alleged necessity to amend the Complaint further weighs in favor of imposing sanctions. According to Plaintiffs' counsel, numerous allegations or pieces of evidence suggested to them that "USAA is a proper and necessary party to this action and should be included as a defendant." **Doc. 23, p. 3.** These allegations and evidence apparently include: (1) both USAA CIC and USAA claim to have issued the relevant insurance policy, *id.*; and (2) Plaintiffs state that, on information and belief, adjustors employed by USAA (not USAA CIC) performed the claims adjustment, *id.* Yet, Plaintiffs moved to remand *instead of* joining USAA to the lawsuit. If they wanted to move to remand because USAA's inclusion in the lawsuit destroys diversity, they should have joined USAA to the action first. Plaintiffs' counsel admit they should have sued an additional defendant but want the Court to find that they did not vexatiously multiply proceedings—because, paradoxically, they moved to remand on a basis they should have known did not apply to the named Defendant. This circular logic only supports an award of sanctions.

Numerous courts within the District of New Mexico have held that the filing of an unsupported motion, especially when coupled with a violation of Local Rule 7.1(a), warrants sanctions under § 1927. *See, e.g.*, *Ortega v. N.M. Legal Aid, Inc.*, No. 18-cv-0111 MV/KK, 2019 WL 3936834, at *2–3 (D.N.M. Aug. 20, 2019); *McCoy v. Ltd. Driving Sch., Inc.*, No. 15-cv-0639 MCA/LAM, 2017 WL 3610552, at *2–4 (D.N.M. Feb. 21, 2017); *see also Flynn v. City of Las Cruces*, No. 15-cv-0195 KG/WPL, 2016 WL 10565474, at *3 (D.N.M. May 31, 2016) ("Because Plaintiffs cannot produce facts or law to support their motion, they have frivolously, unreasonably[,] and vexatiously multiplied the proceedings in this case."). For the above reasons, the Court agrees. Plaintiffs' counsel ignored or recklessly disregarded their duties to the Court by filing a patently meritless Motion and by failing to make a good-faith

effort to seek USAA CIC's concurrence.  Plaintiffs' counsel fail to show that Judge Vidmar's recommendation to award Defendant its attorneys' fees under § 1927 is clearly erroneous or contrary to law, and their objections to Judge Vidmar's PF&RD are overruled.

## CONCLUSION

The Court concludes that diversity of citizenship exists, the amount in controversy exceeds $75,000, and Plaintiffs' counsel should be sanctioned for unreasonably and vexatiously multiplying the proceedings.  Therefore, the Court denies Plaintiffs' Motion for Remand.

**THEREFORE,**

**IT IS ORDERED** that Judge Vidmar's Proposed Findings and Recommended Disposition **(Doc. 16)** is hereby **ADOPTED** for the reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Remand **(Doc. 7)** is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs' counsel pay Defendant its reasonable attorneys' fees incurred in responding to Plaintiffs' Motion for Remand.  Defendant is granted leave to file an affidavit detailing its reasonable attorneys' fees no later than **ten (10) days after entry of this order**.  Plaintiffs may object to the amount or reasonableness of the fees no later than **ten (10) days after defense counsel files her affidavit**.

_____
KEA W. RIGGS
United States District Judge