# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

STEVEN SANDERS AND ARLINE GREGOIRE,

    Plaintiffs,

    v.                                       1:19-cv-00895-KWR-SMV

USAA CASUALTY INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

**THIS MATTER** comes before the Court upon Plaintiffs Steven Sanders (Sanders) and Arline Gregoires' (Gregoire) Motion for Leave to File an Amended Complaint (**Doc. 39**), filed June 9, 2020. Having reviewed the parties' briefs and the applicable law, the Court finds that Plaintiffs' Motion is not well-taken, and is, therefore, **DENIED**.

## BACKGROUND and PROCEDURAL HISTORY

This action involves a dispute between Plaintiffs and Defendant USAA Casualty Insurance Company (USAA CIC) whereby USAA CIC, Gregoire's insurance company, allegedly refused to execute an affidavit settling claims between Plaintiffs relating to a motor vehicle accident on April 16, 2014, when Gregoire's car struck Sander's motorcycle. Plaintiffs eventually settled Sanders' claim, which included an assignment of 50% of Gregoire's rights for claims against USAA CIC for its failure to execute the requisite settlement affidavit.

On August 19, 2019, Plaintiffs filed suit against USAA CIC in The Second Judicial District of New Mexico, County of Bernalillo. USAA CIC removed the action to federal court on September 25, 2019 on the basis of diversity jurisdiction. **Doc. 1.** Plaintiffs filed a motion to

1

remand, mistakenly arguing that diversity jurisdiction did not exist based on the incorrect assumption that USAA CIC was the same entity as United Services Automobile Association (USAA), an unincorporated association with citizenship in every state where its members are citizens, including New Mexico. **Doc. 7**.  On January 30, 2020, the Court denied Plaintiffs' motion, noting that USAA CIC, the named defendant, was both a separate entity from USAA and a corporation with its principal place of business in Texas. **Doc. 27**.  Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition to Deny Plaintiffs' Motion to Remand (**Doc. 16**), the Court also awarded USAA CIC reasonable attorneys' fees for the cost of responding to the motion, concluding that Plaintiffs had "unreasonably and vexatiously multiplied the proceedings," because any confusion as to the relationship between the two entities could have readily been resolved by Plaintiffs' adherence to Local Rules requiring conferral with defense counsel prior to filing the Motion and by conducting a simple review of USAA CIC's Amended Corporate Disclosure Statement. **Doc. 27 at 7-9.** The Court noted Plaintiffs' failure to effectuate an amendment to the Complaint, despite their statement in their Objections to the Magistrate Judge's Proposed Findings (**Doc. 20**), filed approximately two months prior to the Court's Order, that they were on notice they needed to do so**. Doc. 27 at 9 fn 5.**  The Court also took issue with Plaintiffs' failure to join USAA to the action prior to moving to remand. ***Id*. at 10.**

## LEGAL STANDARD

The Court should freely give leave to amend when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).  That said, "[a] district court should refuse leave to amend only upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive,

failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (citations omitted). "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason . . . ." *Bauchman for Bauchman v. West High School*, 132 F.3d 542, 562 (10th Cir. 1997) (citations omitted). Determining whether to grant leave to amend a pleading is an exercise in the Court's discretion. *State Distributor's, Inc. v. Glenmore Distilleries, Co.,* 738 F. 2d 405, 416 (10th Cir. 1984); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

## DISCUSSION

Plaintiffs seek leave to amend their Complaint to include USAA as an additional defendant on the grounds that, "The claims handling complained of in this matter was committed by USAA and its employees. *See* Ex. 2 (Licensee info. from DOI) attached hereto. Adjusters handling the underlying claims are licensed through USAA, not through USAA CIC or other USAA stock companies." **Doc. 39 at 2**. USAA CIC makes three principal challenges to the motion. First, Plaintiffs' proposed amendment would be futile. Second, Plaintiffs' intent to amend the Complaint is made for the sole purpose of destroying diversity jurisdiction; and third, USAA is not an indispensable party, and thus neither justice nor judicial economy will be served by Plaintiffs' proposed amendment. The Court considers each argument in turn.

### I. Futility

USAA CIC argues that the Court should deny Plaintiffs' proposed amendment because the attempt to add USAA is futile. More specifically, USAA CIC maintains that USAA had nothing to do with the issuance of Gregoire's insurance policy, was not involved in adjusting the claim and made no decisions regarding the claim, including the refusal to execute a settlement affidavit. **Doc. 42 at 4.** In support of its position, Defendant proffers the affidavit of Shannon Falls, Assistant

Vice President, Assistant Corporate Controller for USAA explaining the distinct nature of USAA from USAA CIC, and attesting that USAA CIC issued the relevant policy; that the subject claim was handled and adjusted under USAA CIC; and that decisions relating to the handling of the claim were "undertaken" by USAA CIC. **Doc. 41-1 Ex A.** USAA CIC also avers that Plaintiffs' reliance upon cited caselaw is misplaced. *Id*. **at 5-6.**

Plaintiffs reply that they have information leading them to believe that the adjustor was in fact licensed under USAA, not USAA CIC, and that Defendant's deliberate refusal to confirm or disclose this fact forms the basis of Plaintiffs' motion to amend. **Doc. 44 at 3.** Plaintiffs criticize Ms. Falls' affidavit, arguing that USAA does not actually state whether or not the adjuster was a USAA employee or contracted out to USAA CIC, and therefore the proposed amendment would not be futile. *Id*. **at 4.**

Plaintiffs cite *Dellaira v. Farmers Ins. Exch.* (2004-NMCA-132, ¶ 14, 136 N.M. 552, 556, 102 P.3d 111, 115) for the proposition that "extra contractual insurance claims are not limited to the parties issuing the insurance contracts," and that where a related entity has decision-making power over the issuing company it may be held liable as well. **Doc. 39 at 3.** They claim that subsequent caselaw, *Martinez v. Cornejo* (2009-NMCA-011, 146 N.M. 223, 208, P.3d 443) bolsters their position and "has allowed claims against the employees of the insurer handling claims." *Id*.

The Court agrees with Defendant that Plaintiffs' reliance on *Dellaira* and *Martinez* are misplaced. In *Dellaira*, Farmers Insurance Company of Arizona (FICA) issued an insurance policy to Plaintiffs, while Farmers Insurance Exchange (FIE) administered, handled and adjusted claims on behalf of FICA's policy holders. *Id*. at ¶ 1. Unhappy with the manner in which a claim was handled, Plaintiffs sued FICA, FIE, and the relevant claims branch manager in his individual

4

capacity. *Id. at* ¶ 2. The trial court dismissed the plaintiffs' original claims against FIE based on its argument that although FIE had adjusted the claims, it was not a party to the plaintiffs' insurance contract.[1] *Id.* at ¶ 4. The plaintiffs subsequently appealed the ruling. With respect to the plaintiffs' claims against FIE relating to bad faith, the Court of Appeals of New Mexico found that FIE could in fact be liable given its active involvement and control of the claims:

> We hold that Plaintiffs allege sufficient facts to pursue a claim against FIE for breach of the duty of good faith and fair dealing. We do not see any sound reason why New Mexico should not permit pursuit of such a claim where, as is suggested by the pleadings, *an entity related to or pursuant to agreement with the insurer issuing the policy has control over and makes the ultimate determination regarding the merits of an insured's claim.*

*Id*. at ¶ 14 (emphasis added).

Unlike *Dellaira*, here Plaintiffs have not presented adequate evidence to refute that USAA CIC issued the policy, exercised control over it and made the decisions related to the adjustment of the claim. *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment.") (internal citations omitted). Instead, Plaintiffs have proffered a document, incidentally one that would have been available to Plaintiffs from the outset had they chosen to search for it, that shows that the individual claims adjuster, who is not a defendant in this action, is a licensed staff adjuster under USAA. **Doc. 39-2 Ex 2.** Relying on this document, Plaintiffs advance the conclusory argument that USAA CIC's evidence "does not establish that USAA was not involved." **Doc. 44 at 4.** The Court, however, is satisfied that Ms. Falls' affidavit is sufficient to demonstrate that

---

[1] The trial court did permit the plaintiffs to amend their complaint to assert claims against the defendants under other theories of law.

USAA did not adjust, make decisions about, or exercise control over the subject claim such that *Dellaria* would apply.[2]

Likewise, *Martinez* is inapposite because the portion Plaintiffs rely upon relates to the New Mexico Court of Appeals' finding that the alleged conduct of an individually named defendant who worked for the policy issuing company and was "the manager of a group of insurance adjusters," brought him within the meaning of an "insurer" for the purposes of a private right of action filed under the Trade Practices and Frauds Act. *Martinez v. Cornejo*, 2009-NMCA-011, ¶ 19, 146 N.M. 223, 230, 208 P.3d 443, 450. Here, Plaintiffs have not asserted claims against any individual employees of USAA CIC. Moreover, even if the Court were to find Plaintiffs had convincingly argued their position, the Court agrees with USAA CIC that there are alternative grounds to deny the motion based upon an analysis for joinder under 28 U.S.C. § 1447 (e).

**The Standard for Joinder after Removal to Federal Court**

28 U.S.C. § 1447 governs general procedure after removal of a case to federal court. 28 U.S.C. § 1447 (e) provides that "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id*. The Tenth Circuit set forth the appropriate standard for analyzing such a situation in *McPhail v. Deere & Co.* (529 F.3d 947, 951-52 (10th Cir. 2008)):

> As § 1447(e) indicates, however, *the plaintiff does not have an absolute right to join such parties*. Federal Rule of Civil Procedure 15(a)(2) allows amendments only

---

[2] The Court is considering the issue of subject matter jurisdiction because Plaintiffs seek to add a party which would destroy diversity jurisdiction. Thus, pursuant to Federal Rules of Civil Procedure 12(b)(1), the Court may look beyond the allegations of the Complaint and asses the entire record, including the parties' exhibits. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citing *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990), and *Wheeler v. Hurdman,* 825 F.2d 257, 259 n. 5 (10th Cir.), *cert. denied,* 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987) ("When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."

with leave of the opposing party or the court. Further, under Rule 19 the district court must determine whether the party sought to be joined is indispensable. If so, Rule 19 requires the court either to join the party, in which case remand is necessary under § 1447(e), or to deny joinder, in which case Rule 19(b) also requires that the action be dismissed.[2] If the defendant is not indispensable, Rule 20(a)(2) permits joinder at the discretion of the district court. *See State Distrib., Inc. v. Glenmore Distill. Co.,* 738 F.2d 405, 416–17 (10th Cir.1984). In exercising this discretion, the district court "typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith...." *Id.* at 416. If the district court determines that joinder is appropriate, § 1447(e) requires remand to state court. If the district court decides otherwise, it "may deny joinder." 28 U.S.C. § 1447(e).

*Id.* (emphasis added).

Rule 19 of the Federal Rules of Civil Procedure provides the following with respect to joining indispensable parties:

> **(1) *Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Therefore, pursuant to Rule 19, the Court considers "whether, in the absence of [USAA], complete relief could be accorded among the persons already parties to the action" and, "whether [USAA] claims an interest relating to the subject of this action and, if so, whether disposition of this action in [USAA's] absence may as a practical matter impair its ability to protect that interest or subject any of the persons already parties to a substantial risk of inconsistent obligations." *Sac & Fox Nation of Missouri v. Norton*, 240 F.3d 1250, 1258-59 (10th Cir. 2001).

7

USAA CIC contends, and the Court agrees, that under this analysis USAA is not an indispensable party. **Doc. 42 at 8-9.** USAA CIC acknowledges that it was the policy issuing entity and that it adjusted the instant claim and made all decisions regarding it, including to refrain from issuing the requisite settlement affidavit. Furthermore, USAA CIC posits that there are no concerns regarding Rule 19 (b) because it is a subsidiary of USAA and therefore it is in its interest to protect USAA's rights. Plaintiffs have not proffered a convincing argument to the contrary.

### Rule 20 Permissive Joinder

Plaintiffs next argue that the New Mexico District Court has found the analysis set forth in *McPhail* to be dicta, and that the Court must instead consider leave to amend to include USAA under Rule 20 of the Federal Rules of Civil Procedure relating to permissive joinder. *See Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 969–70 (D.N.M. 2018) ("The problem that the Court sees with the Tenth Circuit's standard is that, under rule 19, a defendant to be added after removal who would destroy subject matter jurisdiction is never a required or indispensable party.").

The Court notes that various district courts have found this to be the case, and that, as Plaintiffs argue, this effectively leads to consideration of permissive joinder under Rule 20. *See Id*. at 971 ("Based on rule 19's and § 1447(e)'s plain language, a district court does not need to consider whether a party is required or indispensable before granting or denying joinder under § 1447(e). The Court therefore would move directly to rule 20's equitable factors here to determine whether [Plaintiffs] may amend [the] Complaint to add [proposed Defendant]." *See Cortez-Contreras v. Gov't Employees Ins. Co.*, 2019 WL 6715425, at *2 (D. Kan. Dec. 10, 2019) (An action relating to insurance claims arising from a motor vehicle accident where the plaintiffs moved to amend under similar circumstances, holding that the standard governing leave to amend under § 1447(e)

where diversity jurisdiction would be destroyed is not clear-cut in the Tenth Circuit and finding that "the Tenth Circuit's reasoning in *McPhail* effectively leads straight to a Rule 20 permissive joinder analysis.") Accordingly, the Court turns to Rule 20's discretionary factors governing permissive joinder. Under those factors, the Court concludes that the motion should still be denied.

Both parties urge the Court to consider the motion to amend under Rule 20's discretionary factors. These factors include "whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith." *Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 973 (D.N.M. 2018) (internal citations omitted). Other factors include "the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking such amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action." *Quintana v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 12638855, at *2 (D.N.M. Apr. 14, 2014) (quoting MDM Group Assocs., Inc. v. Midgett Realty, Inc., No. 07–cv–02543–WDM–CBS, 2008 WL 2756926, *4 (D. Colo. July 14, 2008) (citing Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980))).

### The Court Will Not Allow Plaintiffs to Amend the Complaint

"A motion to amend, [] is subject to denial when the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. at 973. (internal quotations and citations omitted). The Court is concerned with Plaintiffs' motives for filing the motion to amend at this time. Despite protestations to the contrary, the information regarding

9

USAA's identity and the licensure of the claims adjuster upon which Plaintiffs base their motion to amend was readily accessible from the outset of the action.

In its prior Memorandum and Opinion Order denying Plaintiffs' motion to remand and imposing sanctions, the Court noted the lengthy time between which Plaintiffs stated they were aware of a need to amend the Complaint but had not moved to do so and also that "If [Plaintiffs] wanted to move to remand because USAA's inclusion in the lawsuit destroys diversity, they should have joined USAA to the action first." **Doc. 27 at 9-10.** For similar reasons, the Court is not convinced now by Plaintiffs' arguments. Plaintiffs do not provide the Court with any new or convincing explanation why they did not include USAA in the original Complaint, when they already could have ascertained the difference between USAA CIC and USAA, other than their failure to take basic steps to acquire this information. *Quintana v. State Farm Mut. Auto. Ins. Co.*, 2014 WL at *3 (citing *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.")). This militates towards denial of Plaintiffs' motion.

### Prejudice and Undue Delay

USAA CIC asserts that allowing Plaintiffs to amend now would unduly burden and prejudice it because it has already expended significant effort in responding to prior motions, filing documents and attending a status conference. **Doc. 42 at 11.** Thus, USAA CIC argues, permitting an amendment and remanding the case now would essentially force it to "begin the case anew." *Id.* Plaintiffs counter that there will be no prejudice because the Court has ordered them to reimburse USAA CIC for expenses in responding to the prior motion to remand, and that the case has not advanced to any great degree "because no discovery has been served, the case has no trial

10

or discovery deadlines, and the scheduling conference has been delayed to address this motion." **Doc. 44 at 7**. Plaintiffs also assert that "Plaintiffs' motives have been transparent from the outset, and Plaintiff[s] did not unreasonably delay in moving to amend." *Id.*

The Court disagrees with Plaintiffs. First, a finding of prejudice is not necessary to deny amendment under these circumstances. *Las Vegas Ice & Cold Storage Co. v. Far W. Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) ("Untimeliness alone may be a sufficient basis for denial of leave to amend. Contrary to plaintiff's assertion, prejudice to the opposing party need not also be shown…this court held "that a district court acts within the bounds of its discretion when it denies leave to amend for 'untimeliness' or 'undue delay.' ".) (internal citation omitted). Second, the Court has already questioned Plaintiffs' delay in moving to amend the Complaint approximately four months prior to the instant motion. **Doc. 27 at 9-10**; *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993) ("It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay") (internal citations omitted).

Although the Court will not speculate as to whether the motion was made in good or bath faith, it finds that Plaintiffs had ample opportunity to use the information at their disposal to move to join or amend sooner yet did not do so. The Court does not find that justice would be served by permitting amendment and remand now and rejects Plaintiffs' position that judicial economy warrants granting the proposed amendment. Accordingly, Plaintiffs' Motion for Leave to File Amended Complaint is **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Amend the Complaint (**Doc. 39**) is **DENIED**.

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE